## SHUBERT *v.* STANLEY ET AL.

MORTGAGE.—*Deed of Conveyance and Bond for Reconveyance.*—A deed of conveyance of real estate was made by a debtor to his creditor, and at the same time the latter executed to the former a title-bond, conditioned for the reconveyance of the land, if the grantor, within a certain time, should pay the amount of said indebtedness and interest thereon and the taxes on the land; otherwise the grantee should be put in full possession. Upon the death of the grantee, leaving no debts unpaid, his heirs, all being of age, divided his property among themselves without administration.

*Held*, that if the heirs of said grantee, by conveying said land, treated said transaction as a sale and conveyance, they or their assignee could not afterwards treat it as a mortgage.

*Held*, also, that if said grantor delivered up said title-bond to the heirs of the grantee, in consideration of the conveyance by them of a portion of said land to the son of the grantor, this was a confirmation of the original transaction as a sale, and said heirs or their assignee could not afterwards, by foreclosure, treat it as a mortgage.

From the Ripley Circuit Court.

*E. P. Ferris*, for appellant.

*Ward & Rebuck*, for appellees.

BIDDLE, C. J.—The complaint of the appellant alleges the following facts:

That on the 6th day of November, 1866, Aaron Ferris was the owner of certain lands described, ninety acres, more or less; that Ferris was indebted to Eli Murdock in the sum of two thousand one hundred and sixty dollars; that, to

secure the payment of said indebtedness, Ferris, joined by his wife, executed a conveyance to Murdock of the lands mentioned; that at the same time, and as a part of the same transaction, Murdock executed to Ferris a title-bond for the same lands, conditioned " that, whereas Aaron Ferris and Julia Ferris, his wife, have this day conveyed to me the following lands," describing them, " for the sum of two thousand one hundred and sixty dollars, with the express condition that if the said Aaron Ferris shall regularly pay the taxes on said land, and pay me at the end of every six months ten per cent. interest per annum on the above amount, and also the whole amount of said purchase-money at any time within two years from this date, with the accrued interest thereon, then I am to execute and deliver to him, his heirs and assigns, a good and clear warranty deed for the hereinbefore described tract of land; provided always, that if the said Aaron Ferris at any time fails to pay the taxes on the said land or the interest on the principal as the same becomes due, then I am entitled to, and he shall put me in, full possession of the above described tract of land. Now, if all conditions are complied with as above stated, I shall fail to execute and deliver to the said Aaron Ferris, at his costs, a good and sufficient deed for the above described land, then this bond shall be in full force and virtue in law; otherwise to be void;" that said deed and bond were recorded together in the same book on the day of their date, amongst the deed records of Ripley county; that Eli Murdock died on the 11th day of February, 1869, leaving certain heirs at law, who are named and made defendants; that he left no debts unpaid; that no administration was had upon his effects, and that his heirs made an amicable partition among themselves of the real and personal property belonging to his estate; that on the 21st day of January, 1874, John Murdock, one of said heirs, assigned in writing all his interest in said claim to Sarah Murdock; and that on the 19th of January, 1874, the other heirs also assigned their interests, in writing, in said claim, to Sarah Murdock, who, on the 4th day of Feb-

ruary, 1874, assigned the claim to the appellant. The deed, the bond, and the several assignments of the claim are made exhibits, and filed with the complaint; that in August, 1871, Aaron Ferris died, and that his wife Julia had died prior to the death of Aaron, whose surviving heirs are made parties defendants, and who are alleged to be the owners in fee of said lands; that said sum of two thousand one hundred and sixty dollars, with interest, remains wholly unpaid and due. Prayer, that the deed may be declared a mortgage, and foreclosed, for judgment, and general relief.

Certain of the defendants below were defaulted. After a demurrer filed to the complaint by Aaron Stanley, Emiline Stanley, and Samuel Neil, for the alleged want of facts, was overruled, and exception taken, they answered in two paragraphs, as follows:

1. That subsequently to the death of Eli Murdock, in the settlement of his estate, by and with the consent of all the heirs, who were at the time of full age, the claim of two thousand one hundred and sixty dollars, mentioned in the complaint, was set off to John Murdock, one of the heirs of Eli Murdock, as a portion of his share of the estate, and that all the heirs of said estate conveyed their right, title and interest in and to the said real estate described in the complaint to John Murdock; that afterwards John Murdock and wife conveyed the same to the appellant; that afterwards the appellant conveyed the same to Sarah J. Murdock; that afterwards Sarah J. Murdock conveyed the same, except twenty acres, to Milly A. H. Yater, who afterwards, in January, 1870, conveyed the same to Sarah E. McClure, who mortgaged the lands for the sum of one thousand five hundred dollars to the defendant Aaron Stanley; that as to the twenty acres not deeded to Milly A. H. Yater, Sarah Murdock, in September, 1869, conveyed the same to Moses Ferris, who in July, 1870, conveyed the same to the defendant Samuel Neil; that the only title Sarah Murdock ever had in said real estate was derived from the deed to the said Eli Murdock, as set forth in the complaint; and that plain-

tiff had full knowledge of all the facts at the time he received the assignment of said claim from Sarah Murdock; wherefore, etc.

2. That after the death of Eli Murdock, his heirs, all being of mature age, divided his property among themselves, the claim sued on being taken by John Murdock, one of said heirs, as a portion of his share of said estate, and was assigned and set off to him by the other heirs of Eli Murdock; that after the transfer of said claim to John Murdock, and while Aaron Ferris was still in life, John Murdock, as agent for his wife, Sarah Murdock, entered into a contract with Ferris, by which Ferris was to cancel the bond held and owned by him, in consideration that Sarah Murdock should transfer to Moses Ferris, the son of Aaron, twenty acres of the land described in the deed named in the complaint, and that she should have and hold the title to the remainder of said land in fee simple; that, in compliance with the said agreement, Sarah Murdock conveyed by deed of warranty, in which her husband joined, twenty acres of the land to Moses Ferris, and the possession of the remainder of said land was surrendered to Sarah Murdock, who afterwards sold and conveyed all the land described in the complaint, not before transferred to Moses Ferris, to Milly Yater, who subsequently transferred the same to Sarah E. McClure by general warranty, and that all of said transfers took place before the assignment of the claim in suit by Sarah Murdock to the plaintiff herein; wherefore, etc.

A demurrer, for the alleged want of facts, was filed to each paragraph of the answer, and overruled. Exceptions, judgment on demurrer, and appeal.

It is contended by the appellant that the conveyance of the land by Aaron Ferris to Eli Murdock, and the bond of Murdock to Ferris to reconvey on certain conditions, constituted, together, only a mortgage to secure the debt due from Ferris to Murdock; and that the assignments set forth in the complaint transferred the claim to him; hence he has

the right to recover.    Doubtless, Aaron Ferris had the right to treat the deed and bond as a mortgage, and redeem his land by paying the debt secured thereby; and perhaps Eli Murdock, after condition broken, could also have treated them as a mortgage, and subjected the land to sale to discharge the debt; but neither party could have treated them both as a sale of the land and a mortgage to secure the debt, at the same time.    The deed and bond constituted a sale or a mortgage, not both.    The transaction was a sale upon its face, and would remain a sale until some one, having the power, would question it.

When the heirs of Eli Murdock assigned the claim to John Murdock and conveyed to him the lands by which it was secured, and John Murdock conveyed the land to appellant, as stated in the first paragraph of the answer, they treated the deed of Aaron Ferris to Eli Murdock as a conveyance of the land, and could not afterwards hold it as a mortgage.    Whether the heirs of Aaron Ferris could still have treated the deed and bond as a mortgage, as against the heirs of Eli Murdock and their vendees, we need not decide, as the question is not made in the case.    Nor need we decide whether Eli Murdock ever had any interest in the deed and bond, which could be transferred merely by assignment. He could not, by assigning the deed, pass the title of the land, and he could not assign his own bond, made to Aaron Ferris.    Besides, there is no obligation on the part of Aaron Ferris to pay money to Eli Murdock, either in the deed or bond.    If he desired to get his land back, he would have to pay the debt; if he did not, the transaction remained a sale. There is nothing in the deed or bond upon which Eli Murdock could have recovered a personal judgment against Aaron Ferris.    The sole remedy of Eli Murdock, if he chose to treat the deed and bond as a mortgage, upon condition broken by Aaron Ferris, would have been against the land. 2 G. & H. 355, sec. 2.    But whether Eli Murdock had originally any interest in the deed and bond which he could pass merely by assignment or not, we are very clear in our

opinion that after his heirs had treated the transaction as a sale and accepted the land, they had no assignable interest left in the deed and bond as a mortgage. They could not keep the land which secured the debt, and afterwards collect the debt also; and if they had not this power, neither has their assignee. We think the appellant took nothing by the assignments set out in the first paragraph of the answer.

The facts alleged in the second paragraph of answer show that Aaron Ferris, in consideration of the conveyance of twenty acres of the land to his son, Moses Ferris, surrendered the remainder of the land to the representatives of Eli Murdock, and cancelled the bond. This transaction was a confirmation of the original conveyance to Eli Murdock by Aaron Ferris as a sale, by both parties, and took all the qualities of a mortgage out of the deed and bond. There was nothing left to transfer to the appellant. He therefore took nothing by his assignments.

The second paragraph of answer is good. There is no error in the rulings below.

The judgment is affirmed, with costs.