Filed Jan. 2, 1894.

---

No. 1,094.

## TYLER *v.* JOHNSON ET AL.

ESTOPPEL. — *Mortgage Deed.* — *Conveyance by Mortgagee.* — *Action by Mortgagor for Improvements Made at Request.* — Where A. conveyed land to B. as indemnity for a debt of security, by a deed absolute upon its face, though in fact only a mortgage, and B. conveys the land without the consent of A., by such conveyance B. will be held to have treated the deed as an absolute conveyance, and in an action by A. for improvements made on such land at the instance and request of B., B. will be estopped from asserting that the deed from A. to him was only a mortgage.

From the Tippecanoe Superior Court.

*W. P. Rhodes* and *W. L. Rabourne,* for appellant.

*E. F. McCabe,* for appellees.

REINHARD, J.—George C. Tyler, a brother of the appellant, claims to have made certain improvements on the farm of the latter, and at his instance and request. For this alleged indebtedness he made out an itemized account, which he assigned to the appellees Miles Starry and William L. Hamilton, and to one George Johnson, now deceased. The assignees instituted this action on the account, in the Warren Circuit Court, making both the appellant and George B. Tyler defendants thereto. Issues were joined and a trial was had, resulting in a judgment in favor of the appellant, the defendant below. On appeal to this court, the judgment was reversed.

*Johnson* v. *Tyler*, 1 Ind. App. 387. When the cause came back to the docket of the Warren Circuit Court the pleadings were amended so as to conform to the ruling of the Appellate Court, the death of one of the plaintiffs was suggested, and his executors were substituted in his stead. Thereupon the venue of the cause was changed to the court below, where there was a trial by the court and a finding and judgment in favor of the appellees, the plaintiffs below. The case comes here upon a single question, viz, the sufficiency of the evidence to sustain the finding.

There was evidence tending to show that George C. Tyler made the improvements in suit at the instance and request of the appellant. It is contended, however, on the part of the appellant, that these improvements were made upon a farm which, in reality, belonged to George C. Tyler, although at the time they were made, he (appellant) held the legal title to the same. The theory of the appellant is that the farm was conveyed to him by his brother simply as an indemnity for a debt of security, and that though the deed was absolute in form upon its face, it was in fact only a mortgage.

He further claims that he and his brother George made a rough estimate of the amount paid by him for George, and found that it was about $500 more than he had realized out of the rents and profits of the farm, and that thereupon, in pursuance of an agreement between the two brothers, appellant conveyed the farm to Robert A. Chandler and De Witt C. Andrews, the sons-in-law of George, and that they paid him said amount of $500 in discharge of all indebtedness to him of said George.

The evidence strongly tends to sustain this contention. On the other hand, there is some testimony tending to prove that although the deed from George to appellant

was only a mortgage, yet the appellant made the convey-
ance of the farm to Chandler and Andrews without any
agreement or consent on the part of George C. Tyler.
This is the testimony of George.

We must therefore assume that the court was fully
warranted in its conclusion that the evidence sufficiently
proved the alienation of the farm by the appellant, with-
out the permission or consent of George C. Tyler.   By
conveying the land without such consent, under the cir-
cumstances of this case, the appellant treated the deed
from George C. Tyler to himself as an absolute convey-
ance, and he was, therefore, precluded from asserting,
afterwards, that it was only a mortgage.   *Shubert* v.
*Stanley*, 52 Ind. 46.

Furthermore, there was evidence tending to show that
the appellant had claimed and treated the land as his
own property.

If the farm was the property of the appellant, and the
improvements were made at his instance and request, as
there is evidence tending to prove, the appellant should,
in equity and good conscience, be required to pay for
such improvements.

There is no available error.

Judgment affirmed.

Filed Jan. 24, 1894.