Ṿ

Griffin & Wife *vs* Coffey, &c.

*Case* 103.            APPEAL FROM THE WAYNE CIRCUIT.

*Frauds, Statute of. Redemption of Lands.*

*June* 26.        JUDGE SIMPSON delivered the opinion of the Court.

UNDER an execution against Griffin, the dower inter-
Case stated.    est of his wife in a house and lot which had belonged to
her former husband, was sold by the Sheriff and pur-
chased by Gann. The property having been conveyed
to Gann by the Sheriff, but being subject to redemption,
was conveyed by him to Coffey, who paid him the full
amount of his debt against Griffin, not only including
the amount bid by him, but also the balance of his debt,
for which an execution had issued, and was in the hands
of the Sheriff at the time, for the purpose of having it
levied upon the equity of redemption in said property.
Griffin and wife filed their bill, alledging that Coffey re-
deemed the property for them, and took a conveyance
in his own name, at their request, for his indemnity, un-
til the rents would pay him the sum expended by him
to effect the redemption, which they allege had already
been done. Coffey denies the trust in his answer, and
claims the property as his own.

In our judgment, the evidence, notwithstanding the
denial of Coffey in his answer, establishes the fact, that
*the redemption of the property purchased by Gann* un-
der execution, was made by Coffey, at *the* instance of
the complainants, and in trust for them. This conclu-
sion does not rest alone upon the testimony of Penelope
Smith, but is sustained and supported by the facts and
circumstances, and the testimony of the other witnesses
in the cause. The redemption was made upon the last
day of the time allowed by law. The complainant,
Griffin, was actively employed in having it effected
after Coffey acquired the title by the conveyance from
Gann, he admitted to the witness, Stone, that Griffir
had at one time the right to have redeemed the proper-

ty. It is true, the witness states that he did not know whether the redemption alluded to existed under a contract with Coffey, or was the right which the law gave him. If it had been the latter, however, its existence would not have been referred to as a disputed point; it must, therefore, have been the former that was alluded to. Besides, all the testimony shows that the redemption was not made by Coffey for his own benefit, but for the benefit of the complainant and wife, or the daughter of Mrs. Griffin by a former marriage. Coffey attempts to establish the latter proposition by the testimony, although, in his answer, he denies a trust of any kind, and claims the property as his own.

The most important point, however, to be determined is, whether this contract comes within the statute of frauds, and consequently cannot be enforced by Griffin and wife.

*If defendant in execution having the privilege to redeem land sold, procure another to pay the redemption money under a promise to refund at a future day, the promise to hold and reconvey upon the payment of the money advanced is not within the statute of frauds and perjuries, it is but a pledge of the equity of defendant.*

It has been held, that if a party make a purchase in his own name, and upon his own credit, a verbal agreement to make the purchase for another, is within the operation of the statute of frauds. But in this case, it was not a purchase by Coffey from Gann, the legal title holder, but it was substantially a pledge by Griffin and wife, of their equity of redemption, until the rents and profits of the property should repay to Coffey the amount he had advanced for them in redeeming the property from Gann.

If Gann had retained the title, and made a similar contract with Griffin, whilst his equity of redemption existed, could he have relied upon the statute of frauds to have prevented an enforcement of the contract? Such an arrangement would have been, in effect, a mere extension of the time of redemption. The right to redeem being a right created by law, the time for its exercise may be prolonged by the verbal agreement of the parties. To permit a purchaser, who had made a verbal contract of this kind, and thereby caused the defendant in the execution, to postpone the exercise of his right of redemption to a future period, to defeat the effect of the contract by relying upon the statute of frauds, wold be to allow the statute, which was intend-

*The time limited by law for redemption of land sold under execution, may be extended by parol contract without interfering with the statute of frauds.*

GRIFFIN & WIFE
*vs*
COFFEY. &C.

ed to prevent frauds, to be used as an instrument for its promotion.

Coffey has assumed the place of Gann. He is invested with the legal title, so far as it passed by the Sheriff's deed. But the equity of redemption still remains with Griffin and wife. It has neither been surrendered nor forfeited. It has been kept alive by the contract of the parties. This suit was instituted to enforce the exercise of this right. The right itself does not originate in the contract of the parties; it is created by operation of law. The contract of the parties has merely prevented its forfeiture or extinguishment, and is effectual for this purpose. The statute of frauds has no application to a contract of this character, which is not for the sale of land, or the transfer of title thereto, but merely to prolong the time, for the exercise of the right of redemption.

Wherefore, the decree dismissing the complainant's bill is reversed, and cause remanded, that an account of the rents received by Coffey may be taken; and if out of such rents he has been repaid the amount advanced to Gann, with interest, that he may be decreed to convey to the complainant, Eliza A. Griffin, all the right and title acquired by him to the lot and house, under the conveyance to him by Gann. And if there be an excess of rents, that for such excess a decree may be rendered in favor of the complainants.

*S. Williams* for appellant; *B. & A. Monroe* for appellees.

---

CHANCERY.