## HUGHART v. LENBURG.

SHERIFF'S SALE.—*Statutory Redemption.*—Where, within the year allowed by statute for the redemption of land sold on execution, the purchaser accepts a part of the redemption money, on the promise of the execution debtor to pay the residue within the year, he waives his right to hold the land as a purchaser, and the debtor may complete the redemption after the expiration of the year. In such case, the purchaser holds the land under the sheriff's deed merely as a security for the remainder of the redemption money.

From the Porter Circuit Court.

*S. I. Anthony, F. Church,* and *S. E. Perkins, Jr.,* for appellant.

PETTIT, J.—This suit was brought by the appellant against the appellee, and the complaint, in substance, is, that on the 18th day of March, 1871, a certain piece of land belonging to and owned by the plaintiff was sold by the sheriff on a decree, and that the defendant purchased it for four hundred and nine dollars and eighty-one cents, being the exact amount due on the decree ; that the land at the date of the

·sale was worth one thousand dollars; that within a year .after the sale he paid to the defendant four hundred dollars, which was paid to and received by the defendant, for the redemption of said land; that he had made arrangements ·with a certain man for the residue of the money, and intended to pay it before the expiration of one year from the sale, ·but the man who was to bring him the money was unable to do so in time; that on the 19th day of March, 1872, ·being one day after the time for redemption had expired, he tendered to the defendant the balance that was due him, but he refused to accept it, and demanded of the sheriff a deed for the land, which was executed by the sheriff to him; that ·he makes and keeps his tender good by paying into court the balance of the money due the defendant for the redemp- ·tion of said land. Prayer, that the sheriff's deed be set .aside; that defendant be required to take the money in full satisfaction of his bid; that the plaintiff's title to the land ·be quieted; and for such other and further relief as the jus- ·tice of the case may warrant.

To this complaint a demurrer for want of sufficient facts was sustained, exception taken, and this ruling is assigned .for error.

Under this state of facts, we think and hold that the ·demurrer should have been overruled.

Our statute, Acts 1861, Special Session, p. 79, provides, ·that lands thus situated may be redeemed within one year after the sale, on the payment of the purchase-money and ten per cent. interest thereon. The appellant has cited but ·one authority, and the appellee has not favored us with a brief of any kind. Kentucky has a statute on redemption, which is, in all legal principles, the same as ours, and *Southard* v. *Pope's Ex'r,* 9 B. Monroe, 261, is a case, in all ; legal aspects on the points involved in the case at bar, directly in point. This is the language of the court in that case on the point involved in this case:

" Second, the fact relied upon in the second ground .affects more seriously the title of the purchaser. Where

land has been sold for less than two-thirds of its value,. and the right to redeem exists, what effect is produced upon the purchase by the payment and reception of part of the purchase-money? It would be unjust for the purchaser to keep the land when part of the price had been refunded. The act of receiving the money thus paid, would be inconsistent with the right to make the purchase absolute. The just and natural inference from receiving part of the purchase-money is, that the purchaser thereby intends to waive the right to enforce a forfeiture of the equity of redemption, and looks to the land merely as a security for the payment of the balance of the money. Such, also, is its legal effect. The redemption, having been commenced, must progress until it be complete. The purchaser is under no obligation to return the money which he has received. Upon what terms, then, can he be permitted to retain it? As a partial redemption, with a right to make his purchase absolute to the extent of the balance remaining unpaid? This would be repugnant to the presumed intention of the parties, and liable to the additional objection, that it would give to a single purchase a double character, that of being redeemable in part, with the right to enforce a forfeiture as to the residue. Inasmuch as he cannot retain both the land and money, his reception of the latter operates as a legal waiver of his right to enforce a forfeiture and make his purchase absolute under the statute, and gives to the owner of the land a right to redeem after the expiration of the year. The purchaser is under no obligations to receive less than the whole amount of the purchase-money. But if he receive a part, he thereby changes the character of his title, surrenders his right to enforce a forfeiture under the statute, and by enabling the owner to redeem after the year, converts his purchase into a mere lien to secure the payment of the balance of the purchase-money. It is necessary to give this effect to the act of the parties, to do justice between them; at the same time it will most probably effectuate their inten-

tion, and it will certainly accomplish the object of the law, in perfecting the title of the purchaser to the whole pur-chase, or rendering it subject to a full and complete redemp-tion.

"Unless, then, there is something to distinguish the pur-chase in this case, from an ordinary one, and take it out of the operation of the principle here asserted, Southard has, by the partial redemption made, acquired the right to go on and complete it. * * * There is nothing to exempt the case from the operation of the general rule, and consequently, Southard's right to redeem by paying the residue of the pur-chase-money, still exists, notwithstanding the legal period of redemption has expired."

We are in full accord with this view, and think it would be grossly inequitable not to allow the plaintiff to redeem under the facts stated in his complaint, and cannot think our statute ought to have a construction to the contrary.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings.