## BUTCHER ET AL. *v.* STULTZ ET AL.

CONVEYANCE.—*Deed Absolute Intended as Mortgage.— Verbal Agreement to
Reconvey.—Defeasance.—Trust.—Pleading.—Statute of Frauds.—Action to
Quiet Title.*—In an action to quiet title, the complaint alleged, that the
plaintiff had conveyed certain land to the defendant by a deed which,
though absolute on its face, was intended by the parties simply as a
mortgage to secure the performance of a certain contract, and on the ver-
bal agreement of the defendant to reconvey the same on performance;
that such contract had been performed; and that the defendant had re-
fused to reconvey.

*Held,* on demurrer, that such verbal agreement is not void as an attempt
to create a trust by parol, and that the complaint is sufficient.

*Held,* also, that a paragraph alleging such conveyance for such purpose, on

the verbal agreement of the defendant to execute a defeasance, and that, on receiving such conveyance, the defendant had refused to execute the defeasance, is also sufficient.

*Held,* also, that such deed is not the foundation of the action, and need not be made part of the complaint.

From the Monroe Circuit Court.

*W. C. L. Taylor, B. E. Rhoads* and *C. F. McNutt,* for appellants.

*J. W. Buskirk, H. C. Duncan* and *R. A. Fulk,* for appellees.

PERKINS, J.—Suit to quiet title to real estate.

There are two paragraphs in the complaint:

One alleging that the real estate mentioned was conveyed by the plaintiffs to the defendant, as security for the performance of a contract, etc., setting out the facts; that the conveyance was made by a deed absolute on its face, but intended by the parties as a mortgage; that, by agreement, the property was to be reconveyed when the contract was fulfilled, etc.

The other, the second paragraph, avers the conveyance, as is alleged in the first paragraph; that it was a part of the agreement under which the deed was made, that a defeasance should be executed by the grantee, which, after obtaining the deed, he refused, and still refuses, to execute, etc.

A demurrer to both paragraphs of the complaint was sustained, and exceptions entered.

The plaintiffs elected to stand upon their demurrer, and final judgment was rendered against them.

Error is properly assigned in this court.

If either paragraph of the complaint is good, the judgment must be reversed.

Two legal propositions are well established law in Indiana:

1. A parol agreement that a deed, absolute in its form, shall stand only as a security for a debt, is not void as an attempt to create a trust by parol.

2. Where a grantee agrees to give a defeasance, and,

after he has got the deed, evades doing it, chancery will relieve against the fraud, and enforce the agreement.

The first paragraph of the complaint makes a case falling within the first legal proposition above stated, and is good. *Hayworth* v. *Worthington*, 5 Blackf. 361; *Crane* v. *Buchanan*, 29 Ind. 570, and cases cited.

The second paragraph of the complaint makes a case falling within the second legal proposition above stated, and is good. *Teague* v. *Fowler*, 56 Ind. 569; *Arnold* v. *Cord*, 16 Ind. 177, and cases cited.

It is claimed, that the complaint was founded upon the deed, and was subject to demurrer, because the deed was not made a part of the complaint. The deed made by the plaintiffs to the defendant, mentioned in the paragraphs of the complaint, was not the foundation of this action, and was not required to be made a part of the complaint, by original or copy. The plaintiffs are not seeking to enforce any contract or stipulation contained in the deed, but a parol contract or obligation outside of it. *Lash* v. *Perry*, 19 Ind. 322; *Crane* v. *Buchanan, supra; Emmons* v. *Kiger*, 23 Ind. 483.

The judgment is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.