Butt v. Butt et al.

No. 9907.

BUTT v. BUTT ET AL.

STATUTE OF FRAUDS.—*Contract.*—*Agreement to Extend Time for Redemption of Land Sold on Execution.*—A., who had arranged for an assignment to himself of a sheriff's certificate of purchase of the lands of B., agreed by parol with B. to give six years to redeem, acting on the faith of which B. did not redeem within the year, as he could and otherwise would have done. A. took a sheriff's deed at the end of the year allowed for redemption, and then refused to perform his agreement, and claimed title and took possession, whereupon B. brought suit to redeem.

*Held,* that the contract between A. and B. was not within the statute of frauds, and B. had a right to redeem.

From the Wabash Circuit Court.

*M. H. Kidd* and *N. G. Hunter,* for appellant.

*J. L. Farrar, J. Farrar, W. C. Farrar, C. Cowgill, H. B. Shively* and *C. E. Cowgill,* for appellees.

HAMMOND, J.—Complaint by the appellant against the appellees who are husband and wife, to redeem real estate after the year for redemption, and after the execution of a sheriff's deed, on a decree of foreclosure.

The appellees' demurrer, for want of facts sufficient to constitute a cause of action, was sustained to the appellant's complaint. Declining to amend his complaint, judgment was rendered against him in favor of the appellees on the demurrer. The appellant, having excepted to the ruling of the court, assigns the same as error in this court.

The following facts are stated in the complaint:

On March 8th, 1873, the appellant, being the owner of the real estate in controversy, mortgaged the same to William W. Haney to secure a debt of $4,000, due five years after date, with interest at ten per cent., to be paid annually. Three years' interest being due and unpaid, Haney foreclosed the mortgage in 1876, in the court below, for the amount then due and thereafter to become due. The appellant afterwards

paid on the judgment $1,562.62. Under an order of sale duly issued, the real estate was sold at sheriff's sale, on November 2d, 1878, to Haney, for $5,179.94, that being the amount then due on the judgment. The sheriff gave Haney a certificate of purchase, entitling him to a sheriff's deed at the expiration of one year if the land were not redeemed as provided by law.

In January, 1879, Haney assigned the certificate of purchase, for value, to Elbert H. Shirk. The name of the assignee in the written assignment was left blank. This was done pursuant to a previous agreement between Shirk and the appellee William Butt, to. the effect that as soon as said William should pay said Shirk certain debts owing by William, and also pay the amount for which the land sold at sheriff's sale, the certificate was to be assigned to William, and his name written, as the assignee thereof, in the blank left for that purpose. In April, 1879, before the expiration of the time for redemption, William informed the appellant of his said arrangement with Shirk, and proposed that he, the appellant, need not exert himself to redeem within the year, but might continue in the possession of the real estate for six years, and might, out of the profits thereof, redeem at any time within six years from April 15th, 1878, by paying the amount for which the land sold at sheriff's sale, with interest. The appellant accepted this proposition, and the same then became the oral agreement between the parties. The appellant relied upon this agreement, fully believing that William would carry it out in good faith, and at the instance of William applied large sums of money to the payment of other debts, which, had it not been for the contract to extend the time for redemption, would have been applied on such redemption.

Soon after the expiration of the year of redemption, as fixed by law, namely, on November 5th, 1879, William, disregarding said agreement, claimed and demanded as his own all corn grown by the appellant on said land that year, and

seized and converted to this own use large quantities of the same, and began harassing and vexing the appellant and denying his right to retain possession of said land, or to receive the rents thereof, and finally took possession of the land, and has since continued to hold the same, denying the appellant's right to redeem.

Shirk, on July 2d, 1881, in compliance with his agreement with William, assigned said certificate to the latter, inserting his name in the blank assignment. The sheriff, on the same day, executed to William a sheriff's deed for the land.

The real estate is worth $10,000. The amount which would have been necessary to redeem within one year from the sale was $5,690. The redemption would have been made within that time had not the appellant relied upon his agreement with William for the six years' extension of time. The rents and profits of the real estate since the possession thereof by William are of the value of $3,000. William has also cut down, carried away and sold timber from the real estate of the value of $600, which he has converted to his own use. Before suit the appellant demanded of William an accounting of the amount of the rents and profits and the waste and the amount necessary for redemption and offered to redeem, all of which was refused and denied. Prayer for an accounting, the ascertainment of the amount due, and that the appellant be allowed to redeem.

It is insisted by counsel for the appellees that the contract to extend the time of redemption for six years, not being in writing, nothing having been paid on it, and it not being an agreement that was to be performed within a year, was void, as being within the statute of frauds.

A statute which is intended to prevent fraud should not be permitted to be used for its promotion. *Arnold* v. *Cord,* 16 Ind. 177; *Teague* v. *Fowler,* 56 Ind. 569; *Butcher* v. *Stultz,* 60 Ind. 170. Contracts within the statute of frauds are not void, but merely voidable. When fully consummated, they become valid. They become binding when so far exe-

cuted that the parties can not be placed *in statu quo.* The law, we think, is of universal application that the statute of frauds can not be invoked for the protection of any right, or undue advantage acquired by a contract not enforceable under its provisions. The contract set up in the appellant's complaint was not immoral, nor against public policy, nor in any way illegal. If it be conceded that it could not be specifically enforced, nor damages recovered for failure of either party to comply with its terms by reason of its being within the statute of frauds, it was, notwithstanding, a contract that the parties might have carried out without any violation of law or good morals. Just men, after making such a contract, would have felt bound in conscience to observe it. The appellant, therefore, in relying upon the contract and allowing the time fixed by law for the redemption of his land to expire, was not guilty of laches. His confidence in the word of the appellee, authorized, perhaps, by previous acquaintance, was certainly not blamable. Now, to permit the appellee to take advantage of this confidence would be subverting the purposes of the statute on which he relies. According to the complaint the appellee William has obtained real estate of the value of $10,000 for less than $6,000. Had he obtained money from the appellant on an oral agreement that he would convey him real estate, he might have refused to make the conveyance by reason of the contract not being in writing, but the law would require him to restore the money. The appellant, when the contract set out in his complaint was made, had an undisputed legal right to redeem the land up to and including the 2d day of November, 1879. This right the appellee agreed to extend for six years from April 15th, 1878. The appellant relied upon the agreement and did not redeem within the statutory period. After its expiration the appellee William obtained a sheriff's deed and denied the appellant's right of redemption. Conceding, without deciding, that he had the legal right to repudiate the contract, we are satisfied that he could not thereby affect the

appellant's right to redeem within a reasonable time after such repudiation. Not to permit a redemption would be giving the appellee the advantage of his own wrong. It is insisted that the wrong complained of related to the non-performance or violation of an executory contract, and not to an existing fact; and hence it is urged that there was no fraud of which the law takes cognizance. But it must be borne in mind that the fraud upon which the appellant's action is based was not the agreement to extend the time of redemption, but the wrong done after the statutory period expired in procuring, in violation of the agreement, the sheriff's deed and denying the appellant's right of redemption. The acts which constitute the injury were done contrary to an agreement upon which the appellant had a right to rely. They were done with reference to an existing fact, namely, the agreement, and, we think, if proved as alleged, that they were so fraudulent as to entitle the appellant to the relief asked in his complaint.

It is urged, also, that the contract was not binding upon the appellee William, as he did not own the certificate of purchase at the time of the agreement to extend the time of redemption. But he assured the appellant that the certificate was under his control, and the facts alleged show that Shirk simply held it as his trustee. When the arrangement between him and Shirk was executed, he should not be allowed the advantage of preventing a redemption by denying his power to make the contract, whereby he had lulled the appellant into repose until the time for redemption, as fixed by law, had expired.

The authorities, though not numerous, are with us, we think, in these views.

In *Southard* v. *Pope*, 9 B. Mon. (Ky.) 261, in speaking of an agreement to extend the time of redemption, it is said by the court: " The extension of the time of redemption is merely a waiver of the forfeiture of the right until that period arrives, and can not, without an evident perversion of

the true design of the parties, have the effect of converting the purchase into a mere lien to secure the repayment of the purchase-money. As an agreement by the purchaser to prolong the time might operate to prevent a redemption within the legal period, a refusal by the purchaser to accept the money and permit the redemption to be made within the time agreed, would be a fraud upon the defendant in the execution, and authorize an application by him to a court of equity for relief."

In *Griffin* v. *Coffey*, 9 B. Mon. 452, it was said by the same court: "The right to redeem being a right created by law, the time for its exercise may be prolonged by the verbal agreement of the parties. To permit a purchaser, who had made a verbal contract of this kind, and thereby caused the defendant in the execution, to postpone the exercise of his right of redemption to a future period, to defeat the effect of the contract by relying upon the statute of frauds, would be to allow the statute, which was intended to prevent frauds, to be used as an instrument for its promotion."

The case of *Martin* v. *Martin*, 16 B. Mon. 8, was a case in all essential respects like the one before us. There, a purchaser under a decree of foreclosure for about one-third the value of the land, with an assurance to the debtor that he might redeem, sold the benefit of his purchase to a third person, who promised the debtor and purchaser to extend the privilege of redemption to the debtor beyond the time fixed by law. It was held that though the agreement was by parol, it was a trust which the purchaser could not refuse to perform, and redemption was allowed after expiration of the statutory period.

The decisions of this court strongly support the appellant's right of redemption. *Plaster* v. *Burger*, 5 Ind. 232 ; *Gwaltney* v. *Wheeler*, 26 Ind. 415 ; *Hughart* v. *Lenburg*, 45 Ind. 498 ; *Spath* v. *Hankins*, 55 Ind. 155 ; *Tinkler* v. *Swaynie*, 71 Ind. 562 ; *Cox* v. *Arnsmann*, 76 Ind. 210 ; *McOuat* v. *Cathcart*, 84 Ind. 567 ; *Taggart* v. *McKinsey*, 85 Ind. 392 ; *Ayers* v. *Slifer*, 89 Ind. 433.

We think, under the facts stated in the appellant's complaint, he would have the right of redemption.

Judgment reversed, at the appellees' costs, with instructions to the court below to overrule the appellees' demurrer to the appellant's complaint, and for further proceedings in accordance with this opinion.

Filed Nov. 8, 1883.