Rector *et al. v.* Shirk *et al.*

Filed Dec. 13, 1883.

———————◆———————

No. 10,719.

RECTOR ET AL. *v.* SHIRK ET AL.

SHERIFF'S SALE.—*Redemption.—Contract.—Consideration.—Pleading.—Statute of Frauds.*—A complaint by C. averred that S., who held a sheriff's certificate for the sale of lands sold on execution, proposed to the owner of the land to waive redemption within the year, and in consequence thereof the owner, who otherwise would, did not redeem within the year. S. took a sheriff's deed, and then conveyed the land to B. upon B.'s promise to fulfil S.'s parol agreement to allow the owner to redeem within six years, of which he had notice. B., who took possession, afterwards refused to account for rents or permit redemption.

*Held*, that the complaint was good against B.

*Held*, also, that the agreement of S. to permit redemption after the year was not within the statute of frauds, nor was it void for want of consideration.

PLEADING.—*Joint Demurrer.*—A joint demurrer by several defendants to a complaint good against one of them should be overruled.

From the Wabash Circuit Court.

*M. H. Kidd* and *N. G. Hunter*, for appellants.

*J. L. Farrar, J. Farrar, W. C. Farrar, C. Cowgill, H. B. Shiveley, C. E. Cowgill, W. G. Sayre* and *J. T. Hutchens*, for appellees.

BICKNELL, C. C.—This was a suit to redeem land sold on foreclosure of a mortgage. The year for redemption had expired before suit brought.

The complaint was in two paragraphs, to each of which a demurrer for want of facts sufficient was sustained.

Judgment was rendered upon the demurrers, and the plaintiffs, who were husband and wife, appealed.

They assigned for error the sustaining of said demurrers.

There was no exception taken to the ruling on the demur-

rer to the first paragraph of the complaint; therefore, the error assigned on that ruling presents no question. *Hutts* v. *Hutts,* 62 Ind. 214.

The second paragraph states that the land belonged to the plaintiff Mrs. Rector, but was held in trust for her by Daniel Butt; that her said trustee intended to redeem the land from the mortgage sale, and was preparing so to do, but before the end of the redemption year, the defendant Shirk verbally agreed with said trustee, that he would purchase the certificate of sale from the holder thereof, and would hold the same for the benefit of said Butt as such trustee, who might have six years within which to redeem, and in the meantime might retain possession of the land and enjoy its rents and profits; that Shirk did purchase the certificate of sale; that Mrs. Rector and her said trustee, relying on said agreement, did not redeem within the year, as they would have done without said agreement; that at the end of the redemption year said Shirk took a deed for the land from the sheriff, and then sold the land to the defendant William Butt, in consideration of Butt's agreement to assume and pay what Shirk had paid for the land, and to fulfill the agreement of Shirk to give Daniel Butt six years to redeem for the benefit of Mrs. Rector; that Shirk accordingly conveyed the land to William Butt, who accepted the conveyance with full notice of Mrs. Rector's rights and subject to said agreement between Shirk and Daniel Butt as trustee; that thereupon William Butt took possession of the land and has since enjoyed the rents and profits thereof of the value of $1,200; that before suit brought Mrs. Rector demanded from William Butt an accounting as to said rents and profits and as to the amount required for redemption under said agreement, and offered to pay the same and demanded a conveyance of the land, which he refused and denied that she had any interest in the land or any right to redeem it; that said William has not paid said Shirk for the land, but has given him a mortgage to secure the amount agreed to be paid, to wit, $1,500.

Rector *et al. v.* Shirk *et al.*

The complaint prays for an accounting as to the sum necessary to redeem, taking into consideration the rents and profits received by said William Butt, and that Mrs. Rector may be permitted to redeem, and for all other proper relief.

The objections made to this second paragraph of the complaint are, that there was no consideration for the extension of the time to redeem; that the specific performance of such an agreement can not be enforced; that it was a parol agreement in relation to the transfer of an interest in land and was not to be performed within a year, and was, therefore, within the statute of frauds, and was never taken out of the statute by part performance.

The demurrer to the second paragraph of the complaint was a joint demurrer by all the defendants except Daniel Butt and wife. Therefore, if the complaint was good against any of the defendants who demurred, the demurrer should have been overruled. *Carter* v. *Zenblin,* 68 Ind. 436.

The complaint was good as against William Butt, the owner of the land. His contract was made with Shirk for the benefit of Mrs. Rector; Shirk's proposition to William Butt was, if you will pay or secure me $1,500, and will give Mrs. Rector further time to redeem, I will convey to you the land. Shirk made the deed to William Butt, and the latter secured the payment of the $1,500, but did not perform the remainder of the consideration, this part of the consideration being a promise for the benefit of Mrs. Rector, she and her husband had a right to sue on it. Therefore the objections to the complaint, suggested by the appellee as above stated, need not be considered; but it may be observed that in the case of *Butt* v. *Butt,* 91 Ind. 305, where the same objections were made to a complaint seeking the same relief as is here sought, this court held that a parol agreement, by a purchaser at sheriff's sale, with the former owner of the land, to extend the time of redemption, if relied upon and acted upon by such owner, can not, although nothing was paid therefor by such owner,

be repudiated by the purchaser, so as to defeat the owner's right to redeem within a reasonable time. See *Griffin* v. *Coffey*, 9 B. Mon. 452; *Southard* v. *Pope*, 9 B. Mon. 261; *Martin* v. *Martin*, 16 B. Mon. 8.

The court erred in sustaining the demurrer to the second paragraph of the complaint. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to overrule the demurrer to the second paragraph of the complaint.

Filed Dec. 13, 1883.