Beatty *v.* Brummett.

Filed March 8, 1884.

———◆———

No. 10,638.

BEATTY *v.* BRUMMETT.

MORTGAGE.—*Contract.*—*Sheriff's Sale.*—*Redemption.*—*Consideration.*—*Promise.*—Where, to secure a loan of money to the execution defendant for the purpose of satisfying the judgment, by parol agreement, the lender takes a sheriff's deed of the borrower's land, in pursuance of a purchase by him upon the execution sale, the transaction constitutes a mortgage in equity, and a subsequent release of the borrower's rights in the land is a sufficient consideration for a promise to pay money.

INSTRUCTIONS.—*How Requested.*—Instructions requested, which are not signed by the party asking them, or by his attorney, may be refused without error.

From the Brown Circuit Court.

*F. T. Hord* and *W. B. Hord,* for appellant.

*G. W. Cooper,* for appellee.

BLACK, C.—The appellee sued the appellant. A demurrer to the complaint, for want of sufficient facts, was overruled.

The complaint showed, in substance, that the appellee, on the 1st of September, 1874, intermarried with one Martin Beatty; that she then owned eighty acres of land in Brown county, which, subject to a mortgage thereon to one Dubois, she held in virtue of a previous marriage; that on the 1st of November, 1875, said Dubois took a judgment of foreclosure of said mortgage, in the sum of $261.25, with costs, in the Brown Circuit Court, and on the 3d of June, 1876, said land was sold by the sheriff, under the decree of foreclosure, for $305.81; that the appellant was the son of said Martin Beatty and step-son of the appellee; that she reposed great confidence in him; that on the day of said sale she had not the money to pay said debt; that the land was worth $1,000; that she was able to raise all the money necessary to pay the debt except $80, and she did raise said money, the sum of $225.81, and gave it to the appellant for the purpose of bidding in said land for her benefit; that it was agreed between the appellee and the appellant, that he would take her said sum of $225.81, and supply said sum of $80 necessary to make the full amount of the debt out of his own moneys; that he would·attend said sale and bid the full amount of said debt, and that, to secure him for the repayment of his said $80, the certificate of purchase should be made to him, but that it should only be held by him as such security.

It was alleged that he advanced said money, as agreed; that she did not attend the sale, but relied solely on her agreement with him; that he, intending to buy said land for himself, and to defraud and cheat her out of said land, attended the sale, bid in said land, paid said $80 of his own money and said money provided by her, and took the certificate in his own name; that she continued to live on said land, and he agreed with her to hold said certificate as security merely for the money so advanced by him, and that she might continue to occupy said premises as her own until she could sell the

same and thus raise the money to repay him; that, "under said agreement," she failed to redeem said land within the time provided by law, and he, with her agreement, at the expiration of one year from said sale, received a sheriff's deed for said land in his own name, he agreeing with her to hold the land for sale, and that when a purchaser should be found therefor the appellant should have his $80, with interest, and she should have the residue; that afterward, while she was so in possession of said land, he sold it to Peter Isenogle and Charles E. Long, for the sum of $800; that at the time of said sale, on the 9th of March, 1880, she was still in possession of the land, and owned it subject to said lien for $80, with interest thereon due the appellant; that she refused to surrender said premises to the appellant or to his said grantees, and claimed the same, subject to the appellant's said lien; that, to settle and compromise her claim and interest held at the time of appellant's said sale, he agreed with her that if she would surrender her claim and interest in the land and the possession thereof to his said grantees, he would pay her the sum of $500; that she consented to said sale, surrendered her right and interest in and to said property, and gave up the possession thereof to said grantees; but that appellant had failed and refused, and still failed and refused, to pay said sum of $500, for which she demanded judgment.

It is insisted in argument that the agreement for the payment of $500 was without consideration, because, as is supposed by counsel, the appellee at the time of the appellant's promise to pay that sum had no interest in the land or right of possession, but was a mere tenant at sufferance, it being contended that the verbal agreement in relation to the sheriff's sale could not create a trust in her favor or confer on her any interest in the land.

The averments of the complaint show that the land sold by the sheriff was the property of the appellee, and that she, through the appellant, paid the purchase-money, a portion

thereof being provided by the appellant by way of loan, and that he took the title in his name, under an agreement to hold it as security for the payment of the debt thus created. The allegation in regard to a fraudulent purpose on the part of the appellant was not necessary. The doctrine is well estab- lished in this and a majority of the other States, that a deed of conveyance of land absolute on its face, without any other written agreement, may in equity, without showing any fraud, mistake or accident in its execution, be shown by parol evi- dence to have been intended as a security for the payment of a debt, and thus be proved to be, in truth, a mortgage, as be- tween the parties, and as against those who have derived title through the grantee who are not purchasers in good faith, for value and without notice; and such persons have the rights, liabilities and remedies incident to the relation of mortgagor and mortgagee. This doctrine has long been recognized in this State. See *Hayworth* v. *Worthington*, 5 Blackf. 361 (35 Am. Dec. 126); *Butcher* v. *Stultz*, 60 Ind. 170; *Smith* v. *Brand*, 64 Ind. 427.

In such cases the grantee holds the title as a mortgagee in equity.

Upon the principle that the statute of frauds can not be invoked to protect a party in the perpetration of a fraud, on which is based the doctrine of specific performance in equity, it was said in *Levy* v. *Brush*, 45 N. Y. 589, that when a party whose lands were about to be sold by judicial sale has agreed with another to loan him money and bid off and hold the land as a security for the money, and the agreement has been consummated, the party so acquiring the title has been re- garded as holding it as a mortgagee in equity. And it was said that upon these grounds *Ryan* v. *Dox*, 34 N. Y. 307, was decided.

In *Ryan* v. *Dox, supra*, it was held admissible to prove that the defendant purchased, under a foreclosure sale, upon a verbal agreement that the purchase should be for the bene-

fit of the plaintiff, the mortgagor, and that the defendant should take the deed of the master and hold the premises in his own name by way of security for what money he should advance and pay on the purchase, and that whenever the plaintiff should repay him such amount, with interest and reasonable compensation, the defendant should convey the premises to the plaintiff. See, also, *Case* v. *Carroll*, 35 N. Y. 385; *Stoddard* v. *Whiting*, 46 N. Y. 627.

In *Carr* v. *Carr*, 52 N. Y. 251, in speaking of a deed of conveyance absolute on its face, but intended as a mortgage, it was said: "It is not material that the conveyance should be made by the debtor or by him in whom the equity of redemption will exist. It is sufficient if the debtor and he who claims to occupy the position of mortgagor with the right of redemption, has an interest legal or equitable in the premises, and the grantee of the legal title has and acquired such title by the act and assent of the debtor, and as a security for his debt."

In *Sweet* v. *Mitchell*, 15 Wis. 641, it is said: "It is frequently the case that parties desire to give security upon lands the title to which is not in them, but is subject to their control. It is also frequently that they desire to give it upon lands owned by them, but liable to be sold on judicial proceedings against them. The rule itself being once established, that parol evidence may be admitted to show an absolute deed a mortgage, when such an agreement is clearly established, we do not think it material whether a judicial sale was adopted merely as a means of conveying the title to the mortgagee, or whether it was conveyed to him by some third party for and on account of the mortgagor. These circumstances furnish no substantial grounds for distinguishing the case from a direct conveyance from the mortgagor, and the cases which have established the rule do not make any distinction." See, as illustrating the case at bar, *Stephenson* v. *Arnold*, 89 Ind. 426; *Ayers* v. *Slifer*, 89 Ind. 433; *Butt* v. *Butt*, 91 Ind. 305; *Rector* v. *Shirk*, 92 Ind. 31.

The relation between the appellee and the appellant was that of mortgagor and mortgagee, and by her surrender to his grantees she lost her equitable rights in the property. This was a sufficient consideration for his promise to pay her the sum of $500. Under the facts stated, she compromised to her loss, but it is only to uphold her contract that we are concerned. There was no error in overruling the demurrer to the complaint.

There were five paragraphs of answer. The first was a denial; the second alleged payment; the third set up the statute of limitations; the fourth alleged that the contract sued on was without consideration; a demurrer to the fifth was sustained. If it contained any allegations that were not merely conclusions of law, they were available under other paragraphs of the answer. Counsel for appellant dismiss the fifth paragraph of the answer by referring to their discussion of the demurrer to the complaint, and we may dismiss it without further remark.

The appellee replied by denial. The cause, having been commenced in the Bartholomew Circuit Court, was tried there by a jury, the verdict being in favor of the appellee. A new trial having been granted, the venue was changed to the Brown Circuit Court, where a trial by jury again resulted in a verdict for the appellee for $500. A motion for a new trial was overruled.

It appeared in the evidence that the appellant provided about $80 of the purchase-money, and that the remainder, about $225, was provided by his father. The appellee's theory was that the portion so provided by the father was her money; while the appellant claimed that it belonged to the father, and that it was the purpose of the father and son to get the title of the land for the latter, so that the children of the appellee by a former marriage should not have it, and that for this reason the father let the land go to sale instead of paying the judgment.

The appellant complains of some of the instructions on the ground that the court did not therein require, for the appellee's recovery, that the jury should find that the money provided by the father belonged to the appellee.

The court did require, in various forms, that for the plaintiff's recovery the jury should find that the defendant made a loan to the plaintiff, and that the certificate was taken and held as security for the payment of such loan. The court told the jury that if they found that no agreement was made by and with the plaintiff to lend or advance her or for her benefit any money to make the purchase of the land, they must find for the defendant; also, that if they found that the defendant did not agree with or for the plaintiff to lend or advance for her benefit any sum of money to make the purchase of the land under the mortgage sale and to take and hold the certificate as security for such sum only, they must find for the defendant; also, that if they found that the father had in his hands no money or means of the plaintiff, they might consider this as a circumstance tending to disprove an arrangement with the defendant to furnish a portion of the purchase-money as a loan for her benefit; also, that if the fact that the father furnished a portion and the defendant a portion was satisfactorily explained under some other hypothesis contradicting such an arrangement, then these facts could not be regarded as confirmatory circumstances.

If it was true that the appellant, under an agreement with the appellee, provided a sum of money for the purchase of the land, and did so by way of a loan to the appellee, and took the certificate as a security for the repayment of the sum so provided by him, such facts would be entirely inconsistent with his theory that he and his father, with their own money, purchased the land for the appellant, and would constitute a recognition of such an interest in her as entitled her to redeem from him, and such an interest as would constitute a consideration for his subsequent promise on which she sued.

Beatty v. Brummett.

If the instructions contained no misstatement of law to his injury, he can not be heard to complain of them. If he desired that other propositions should be stated to the jury, he should have made proper request therefor.

In a bill of exceptions it is stated that the defendant requested the court to give certain instructions, which are set out, and it is stated that the court refused to give them, and that the defendant excepted. It does not appear that the instructions so asked were signed by the defendant or his attorney, and it is insisted on behalf of the appellee that there could be no error, therefore, in refusing to give them. This position of the appellee is well taken. In *Choen* v. *Porter*, 66 Ind. 194, it was said : " If the instruction " (asked by the defendant) " had been refused, and the defendant were complaining of the refusal, the plaintiff might well object that it was not signed by the defendant or his attorney, whether it was contained in a bill of exceptions or otherwise, as the failure to sign might be good ground for a refusal to give it."

After each of these instructions are the words " Refused and excepted to at the time by the defendant," or words of like meaning, signed by the attorney for the defendant as such, and dated and signed by the judge.

This is not the signing of the instructions contemplated by the fourth clause of section 533, R. S. 1881, but must be regarded as a signing of the exception.

The cause appears to have been fairly tried and determined, and the judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs, with ten per cent. damages.

Filed Jan. 11, 1884. Petition for a rehearing overruled March 8, 1884.