No. 11,496.

## McMakin et al. *v.* Schenck.

Sheriff's Sale.—*Redemption.*—*Agreement for Extension of Time.*—*Sheriff's Deed a Mortgage.*—*Statute of Frauds.*—Where the purchaser of land at sheriff's sale, within the year allowed by law for redemption, agrees verbally with the execution defendants, or one of them, to extend the time for such redemption beyond the year, and, upon the faith of such agreement, money is paid to and accepted by him thereon, the sheriff's deed of the land, subsequently executed to him, will operate merely as a mortgage to secure the performance of such agreement, which is not within the statute of frauds, and will not entitle the grantee therein to recover the possession of the land, nor to a decree quieting his title thereto.

From the Switzerland Circuit Court.

*J. A. Works* and *L. O. Schroeder,* for appellants.

— *Carter* and — *Tandy,* for appellee.

Howk, J.—In this case the appellants, the defendants below, have assigned as errors the decisions of the circuit court in sustaining demurrers to the second and third paragraphs of their answer.

The complaint of the appellee, Schenck, contained two paragraphs. The first paragraph was a complaint in the ordinary form, to recover the possession of certain real estate, particularly described, in Switzerland county ; and the second paragraph was a complaint to quiet the appellee's title to the same real estate as against the appellants. The answer of the appellants was in three paragraphs, of which the first was a general denial. After the court had sustained demurrers to the second and third paragraphs of answer, the appellants withdrew their general denial, and, having excepted to the rulings on the demurrers, they declined to amend or plead further, and judgment was rendered against them as prayed for in appellee's complaint.

In the second paragraph of their answer the appellants admitted that Jonathan McMakin and his wife, Margaret, executed the mortgage on the real estate in controversy to Robert A. Knox, as charged in the second paragraph of appellee's

complaint; that such mortgage was foreclosed and the real estate sold, and a certificate of sale executed to Solomon Froman, and by him assigned to the appellee, and the execution of the sheriff's deed of such real estate to the appellee, as alleged in the second paragraph of such complaint; and the appellants averred that the appellee had no other or different title or claim upon such real estate than such as he obtained by and through such sheriff's sale; that after such real estate was sold to said Solomon Froman, and while he held the certificate of such sale, the said Margaret McMakin and the appellant Jonathan McMakin were about to enter into an agreement with said Froman, under which he was to execute a title-bond of such real estate to said Margaret McMakin, and give her time to pay the amount of his bid therefor; that the appellee, learning of their intention, proposed to said Margaret and the appellant, her husband, that he would buy the certificate of sale from said Froman, and enter into an agreement giving them time to pay the money to be paid by him to said Froman, and that he would make to said Margaret a title-bond for said real estate as soon as he received a deed therefor; that the said parties accepted said proposition, and, in pursuance of said agreement, the appellee purchased such certificate of sale, and paid therefor the amount bid on such real estate by said Froman, and interest thereon; that, in pursuance of said agreement, after such certificate of sale had been endorsed to the appellee, and before the year for redemption had expired, the appellant paid the appellee, of the purchase-money paid by him, the sum of $500, which was accepted by appellee as a payment thereon; that when the sheriff's deed was executed to the appellee, it was agreed by the appellant Jonathan McMakin and the appellee that, for the purpose of concealing from other creditors the real transaction, and to cause it to be believed that the appellee had become the absolute owner of such real estate, he had claimed that the appellant retained possession of the real estate as his tenant, and that the interest on the purchase-money

should be paid as rent; but that it was the agreement and understanding that the said Margaret McMakin should, when the full amount paid by appellee was repaid him, have a deed for said real estate; that after the year for redemption had expired the appellee refused to execute such title-bond, and denied having made any such agreement; that the said Margaret, before the bringing of this action, demanded of the appellee the execution of such title-bond, but he refused to execute the same; and that the said Margaret had departed this life intestate. Wherefore, etc.

The third paragraph of answer contained all the averments of the second paragraph, and this additional allegation: That the real estate so mortgaged by the appellant McMakin, and his wife, Margaret, to Robert A. Knox, was in fact the real estate of said Margaret and owned by her, but that the title thereto was in the appellant Jonathan McMakin, and in effect that appellee's agreement to extend the time for the repayment of the purchase-money, beyond the year allowed by law for redemption, and for the execution of the title-bond, was made between him and said Margaret McMakin, as the equitable owner of such real estate.

We are of opinion that the facts stated by the appellants, in each of these paragraphs of answer, were sufficient to constitute a valid defence to each paragraph of appellee's complaint. If it be true, as the appellants allege in each of these paragraphs, that the appellee, as the assignee and holder of the certificate of sale, agreed with the appellant Jonathan McMakin, and his wife, Margaret, or either of them, to give them time to redeem the real estate in controversy, beyond the year allowed by law for such redemption, and actually received of them or either of them the sum of $500 in part payment of the redemption-money, then the sheriff's deed, subsequently issued to the appellee in pursuance of such certificate, would not operate as against the appellants to convey the legal title to such real estate, except as a security in the nature of a mortgage for the unpaid balance of the redemp-

tion-money. In such case, it can make no material difference whether the appellee agreed with the appellant Jonathan McMakin in his own right as the owner in fee simple of the real estate, or in right of his wife, Margaret, as her trustee of such property, for the redemption thereof, in so far as the validity of the agreement is concerned. In either event, the agreement was valid and binding, and, if proved as stated in either the second or third paragraph of answer, it will constitute a complete defence in bar of the appellee's action either for the recovery of the real estate in controversy, or to quiet his title thereto, under his sheriff's deed thereof. Nor can the fact that appellee's agreement for the execution of the title-bond, and for the redemption of the real estate from the sheriff's sale thereof, was not reduced to writing and signed by him or by his authorized agent, affect or impair the validity of such agreement, as the same is stated in the second and third paragraphs of answer. The agreement in question was not within the statute of frauds; and if it were the statute could not be invoked by the appellee to avoid his agreement, so long as he retained in his possession the $500, which had been paid him, as alleged, under such agreement. We conclude, therefore, that the court clearly erred in sustaining the appellee's demurrers to the second and third paragraphs of appellants' answer, and, in this conclusion, we are fully sustained by the previous decisions of this court. *Hughart* v. *Lenburg,* 45 Ind. 498; *Spath* v. *Hankins,* 55 Ind. 155; *Tinkler* v. *Swaynie,* 71 Ind. 562; *Cox* v. *Arnsmann,* 76 Ind. 210; *McOuat* v. *Cathcart,* 84 Ind. 567; *Taggart* v. *McKinsey,* 85 Ind. 392; *Ayers* v. *Slifer,* 89 Ind. 433; *Butt* v. *Butt,* 91 Ind. 305; *Rector* v. *Shirk,* 92 Ind. 31; *Shade* v. *Creviston,* 93 Ind. 591; *Beatty* v. *Brummett,* 94 Ind. 76.

The judgment is reversed, with costs, and the cause is remanded with instructions to overrule the demurrers to the second and third paragraphs of answer, and for further proceedings.

Filed Nov. 11, 1884.