Cox v. Ratcliffe.

Judgment affirmed.

Filed Feb. 16, 1886.

---

No. 12,153.

## COX v. RATCLIFFE.

PRACTICE.—*Evidence.—Answers to Interrogatories.—Judgment.*—In determining a motion for judgment on special findings notwithstanding the general verdict, the evidence, whether documentary or otherwise, can not be considered.

SAME.—Unless it affirmatively appear that the facts specially found are irreconcilably in conflict with the general verdict, the latter must control.

REAL ESTATE.—*Ejectment.—Defence.—Equitable Mortgage.*—Where one holding a deed absolute on its face sues to recover possession of the land therein described, the person in possession may defeat a recovery by proof that the deed was taken as security for money loaned to, or advanced as a loan for, the person in possession. The real nature of the transaction may be inquired into, and what purports to be an absolute deed, whether made by the party claiming the equitable right, or pursuant to a judicial proceeding, or otherwise, may be shown to be in legal effect only a mortgage.

SAME.—*Sheriff's Sale.—Agreement by Purchaser to Extend Time for Redemption.—Statute of Frauds.*—An agreement made during the year for redemption by the purchaser at sheriff's sale, or his assignee, by which the time for redemption is extended, is valid, and will prevent such purchaser or assignee from acquiring title made under such sale. Such a contract is not affected by the statute of frauds.

SAME.—*Evidence.*—In an action for possession of real estate, where the plaintiff claims an absolute legal title under a deed, it is proper to admit evidence showing that the plaintiff has another action pending to foreclose the defendant's equity of redemption in the same land, thereby treating such deed as a mortgage, and this, notwithstanding the fact

that the foreclosure suit was originally joined with the suit in eject-
ment, and the causes of action subsequently separated.

From the Howard Circuit Court.

J. N. Sims and F. Cooper, for appellant.

J. W. Kern, B. F. Harness, J. C. Blacklidge and W. E.
Blacklidge, for appellee.

MITCHELL, J.—Timothy B. Cox brought suit against An-
drew Ratcliffe, to recover possession of eighty acres of land
in Howard county, which is described as the west half of the
southwest quarter of section thirty-four, township twenty-
three north, of range two east.

Issues having been joined on the complaint by an answer
in general denial, a jury returned a general verdict for the
defendant. With their general verdict the jury returned an-
swers to fourteen interrogatories submitted to them at the
request of the plaintiff.

In answer to the interrogatories the jury found specially
the following facts:

1. On January 31st, 1877, the sheriff of Howard county
executed a deed for the north half of the land in contro-
versy to Lewis O. Lloyd.

2. This deed was made in pursuance of a sale made one year
before its date on an execution against the defendant.

3. The execution was duly issued on a valid judgment of
the Howard Circuit Court against Ratcliffe.

4. The land was never redeemed from the sheriff's sale.

5. The defendant never acquired any other title to the land.

6. Lloyd and wife conveyed the title thus acquired to the
plaintiff December 21st, 1877.

7. Defendant and his wife, about the same date, made a
quitclaim deed for the same land to plaintiff.

8. DeWitt C. Bryant also recovered judgment against
the defendant in the Howard Circuit Court at its March
term, 1876.

9. An execution was issued on this judgment.

10. The south half of the land in controversy was sold to satisfy this last execution.

11. The land levied on was purchased at this sale by Bryant, who afterwards transferred his certificate of purchase to the plaintiff, to whom the sheriff made a deed after the period for redemption expired.

12. There was a mutual agreement between the plaintiff and defendant, before or at the time of the delivery of the respective deeds, that if the defendant would repay to plaintiff the money he had paid out and expended, with interest, he would reconvey the land to him.

13. There was no specified time within which this agreement was to be performed by the defendant.

14. The defendant never paid any consideration for the extension of the time for redemption of the land bought by Lloyd.

The plaintiff moved the court for judgment in his favor on the special findings, "and the documentary evidence in the cause," notwithstanding the general verdict. This motion was overruled, and judgment was given for the defendant on the verdict returned.

The plaintiff asserted and still asserts an absolute title to the land. This claim is supported by the various deeds mentioned in the special finding. Upon the face of the deeds an apparently absolute title is vested in him. Conceding the plaintiff's apparent title, the defence proceeded upon the theory, that in consequence of a contemporaneous agreement, the deeds constituted nothing more than an equitable mortgage to secure the repayment of moneys advanced by the plaintiff for the defendant's use; that the plaintiff agreed before the time for redemption expired, to take the title and extend the time for redemption. In the light of these conflicting theories, the influence of the facts specially found upon the general verdict may be considered.

If we correctly apprehend the position of appellant's counsel, their contention is that, because it appears from the spe-

cial findings that the plaintiff was vested with a complete legal title to the land in controversy, he was also entitled to the possession, and that, therefore, it was error to refuse to sustain his motion for judgment on the special findings. The argument seeks to maintain the proposition that any parol agreement which might have been made, to the effect that the plaintiff should take and hold the title as a security, was void as within the statute of frauds.

The evidence, whether documentary or otherwise, can not be looked to in determining a motion for judgment on the special findings notwithstanding the general verdict. *Pennsylvania Co.* v. *Smith,* 98 Ind. 42.

The general verdict was for the defendant, and the rule is so well settled that the citation of authorities is not necessary, that unless it affirmatively appears that the facts specially found are irreconcilably in conflict with it, the general verdict must control.

While the facts specially found establish an apparently absolute title in the plaintiff, this would not of itself overthrow the general verdict, for the reason that the defendant may have been lawfully entitled to the possession notwithstanding the plaintiff's legal title.

If it were required, when facts are found which, in one aspect of the case, are inconsistent with the general verdict, that the special findings should make it affirmatively appear that the general verdict was, in all other respects, sustained, there would be force in the appellant's contention; but the rule is the reverse. The special findings must present such a state of facts as that the general verdict is completely overthrown by the facts found.

Against the facts found which show a legal title in the plaintiff, stands, first, the general verdict for the defendant, and, second, the facts specially found, from which it appears that at or before the delivery of the several deeds to the plaintiff it was agreed that if the moneys paid out and expended

by him were refunded, with interest, the land should be re-conveyed to the defendant.

It is settled by the decisions of this court that where one holding a deed absolute on its face sues to recover possession of the land therein described, the person in possession may defeat a recovery by proof that the deed was taken as a secu-rity for money loaned to, or advanced as a loan for the ben-efit of, the person in possession. *Beatty* v. *Brummett*, 94 Ind. 76, and cases cited; *Heath* v. *Williams*, 30 Ind. 495; *Parker* v. *Hubble*, 75 Ind. 580; *Creighton* v. *Hoppis*, 99 Ind. 369; *Smith* v. *Parks*, 22 Ind. 59; *Crane* v. *Buchanan*, 29 Ind. 570, and cases cited; *Murray* v. *Walker*, 31 N. Y. 399; *Ryan* v. *Dox*, 34 N. Y. 307; *Stoddard* v. *Whiting*, 46 N. Y. 627; *Carr* v. *Carr*, 52 N. Y. 251.

The real nature of the transaction may be inquired into, and what purports on its face to be an absolute deed, whether made by the party claiming the equitable right, or pursuant to a judicial proceeding, or otherwise, may be shown to be in legal effect only a mortgage.

A court of equity will have regard to the real nature of the transaction, and although a deed be absolute in form, if in fact it was received as a security for the repayment of money, it will be treated as a mortgage, and evidence, writ-ten or oral, will be received to show the facts.

While it is true, as contended, that the holder of the legal title has *prima facie* the right to possession, this right, as we have seen, may be defeated by the person in possession, if upon the evidence he can make it appear that as to him the deed is a mortgage. *Parker* v. *Hubble, supra.*

It is settled, too, that an· agreement made during the year for redemption, by which the time for redemption is extended, is valid, and will prevent the purchaser at sheriff's sale from acquiring title under such sale. Such a contract is not void within the statute of frauds, and if the purchaser was thereby thrown off his guard, and in reliance thereon failed to redeem, the contract will be enforced even though no money was paid

to secure such extension. *Butt* v. *Butt,* 91 Ind. 305 ; *Rector* v *Shirk,* 92 Ind. 31 ; *McMakin* v. *Schenck,* 98 Ind. 264.

No error was committed in overruling the motion for judgment notwithstanding the general verdict.

There is abundant evidence in this case upon which the jury could have found that an agreement had been made between Lloyd and the appellee before the year for redemption expired, that the time for redemption should be extended, and that the appellant˙ knew of that fact at the time he received the conveyance from Lloyd.

The appellee paid Lloyd forty dollars of the amount due him on the debt after the land was sold, and the appellant paid the balance, and both Lloyd and the appellee testified that the deed was made upon an agreement with the appellant that he was to have time to repay the amount.

Without detailing the evidence further, we think the verdict is sustained as to the whole tract.

A significant circumstance in this case is, that the appellee remained in possession and made lasting and valuable improvements on the land. Another circumstance of weight also is the fact, properly admitted in evidence, that at the time the plaintiff below was prosecuting this suit for possession, there was also pending another action to foreclose the defendant's equity of redemption, thus treating the deeds in the one case as mortgages, while in the other he was insisting upon the right to recover possession under them.

It is true, the foreclosure suit was, at the beginning, the second paragraph of the complaint in the present case. The actions were separated upon the order of the court, but the pleading declaring upon the deeds as mortgages was nevertheless properly admitted in evidence. *Boots* v. *Canine,* 94 Ind. 408.

It is insisted. that the appellant had the right to state his cause of action in different ways in separate paragraphs of his complaint, and that it was error to admit one paragraph in evidence to defeat the other. We doubt the right to unite

causes of action so inconsistent, involving the same transaction, but, however that may be, the evidence was properly admitted.

All the other points which are properly presented by the record, and discussed by counsel, are covered by what has already been said.

The case of *Shubert* v. *Stanley*, 52 Ind. 46, relied on by the appellant, is not applicable here. As the facts make it appear, this is the case of a mortgagor in possession. Under the statute and the decisions already referred to, he has the right to remain in possession as against the mortgagee, until his equity of redemption is foreclosed and sold, and the purchaser's right to possession matures in the regular course.

We have discovered no error in the record. The judgment is accordingly affirmed, with costs.

