Filed Sept. 21, 1886.

No. 12,586.

RINGLE ET AL. *v.* THE FIRST NATIONAL BANK OF KEN-DALLVILLE ET AL.

SHERIFF'S SALE.—*Effect of Receipt by Purchaser of Part of Redemption Money.*—*Lien.*—The purchaser of real estate at sheriff's sale is not bound to receive less than the whole amount of the redemption money; but if he receives a part, he thereby surrenders his right to enforce a forfeiture under the statute, and converts his purchase into a mere lien to secure the payment of the balance of the redemption money.

SAME.—*Suit by Purchaser to Enforce Lien.*—*Deed.*—In such case it is not necessary to the purchaser's cause of action to enforce his lien, that he should take a deed to the real estate from the sheriff, as such deed would not strengthen the lien.

SAME.—*Statute of Limitations.*—The ten years' statute of limitation does not apply to a suit by the purchaser at a sheriff's sale to enforce his lien.

Ringle *et al. v.* The First National Bank of Kendallville *et al.*

PRACTICE.—*New Trial.—Excessive Damages.*—A question as to excessive damages must be presented by an assignment in the motion for a new trial.

From the Noble Circuit Court.

*V. C. Mains,* for appellants.

*A. A. Chapin* and *R. P. Barr,* for appellees.

HOWK, C. J.—By the assignment of errors upon the record of this cause, the sufficiency of appellees' complaint to withstand a demurrer, for the alleged want of facts, is the first question we are required to consider and decide herein.

This suit was commenced by the appellees, First National Bank of Kendallville and John Mitchell, against the appellants, Peter Ringle and Nancy Ringle, on the 10th day of January, 1885. In their complaint the appellees showed at great length, that long before the 13th day of May, 1871, divers named parties had recovered divers judgments for divers sums of money and costs, against appellant Peter Ringle, in the court below; that upon such judgments, executions had been duly issued by the clerk of such court, and directed and delivered to the sheriff of Noble county; that, by virtue of such executions, the sheriff of such county had levied upon the north half of lot number forty-three, in Mitchell's addition to the town of Kendallville, in Noble county, as the property of appellant Peter Ringle, to satisfy such executions; that after having advertised the time and place of sale, in the manner prescribed by law, the sheriff aforesaid did, by virtue of such executions, on the 13th day of May, 1871, at the door of the court-house of Noble county, offer and sell at public auction the real estate above described to Lydia A. Bicknell and Stephen Majors for the sum of $666.67, that being the highest and best bid made therefor and more than two-thirds of the appraised value thereof; and that such sheriff then and there executed to said Bicknell and Majors a certificate of their purchase of such real estate, as

required by the statute, a copy of which certificate was filed with and made part of appellees' complaint.

And appellees alleged that, by the terms of such certificate of purchase and of the law then in force in relation to sheriff's sales of real estate, appellant Peter Ringle had the right to redeem such real estate from such sale thereof by the payment of the amount of the purchase-price, at any time within one year from the date of such sale, with ten per centum interest thereon; that, on March 20th, 1872, the said Lydia A. Bicknell, in payment and satisfaction of an antecedent debt then due from her to the appellee Bank, assigned in writing to such bank all her right, title and interest in and to such certificate; that, on May 12th, 1872, appellant Peter Ringle, with full knowledge of all the facts, paid the appellee Bank, the sum of $167, as redemption money on such sale and purchase, and to said Stephen Majors the sum of $133, which was then received upon the redemption of such real estate from such sale; that, on January 22d, 1873, appellant Peter Ringle paid the further sum of $50 as redemption money from such sale; that, on April 2d, 1874, the said Stephen Majors assigned in writing all his right and interest in and to such certificate to the appellee Mitchell, then president of such bank, and on the same day the appellant Peter Ringle paid the appellees as redemption money the further sum of $150; and that there was due and unpaid, of such redemption money, the sum of $900.02, including interest, which appellant Peter Ringle still owed.

And the appellees further said that appellant Nancy Ringle was the wife of said Peter Ringle, but was not married to him until January 1st, 1884, and subsequent to all the proceedings aforesaid, and that any interest she had in such real estate was subject and junior to the lien of appellees, created by such sale and certificate of purchase. Wherefore, etc.

Appellants' separate demurrers to appellees' complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, were overruled by the court, and these rul-

ings are assigned here as errors. It is claimed by appellants' counsel, as we understand his argument, that appellees' complaint is bad, and the demurrers thereto ought to have been sustained, because, upon the facts stated therein and under the redemption law of June 4th, 1861, in force at the time, they had the right, after the expiration of one year from the date of the sheriff's sale, to demand and receive from the sheriff of Noble county a sheriff's deed of the real estate sold. Counsel says: " We think the only remedy the appellees have in this case, is under the statute cited, and under it they have a right to a deed at any time after the expiration of the year for redemption; for, under this statute, at the expiration of the year for redemption, if not redeemed, the right of the holder of such certificate to a deed thereunder becomes absolute, and so continues until the execution of such deed. *Maddux* v. *Watkins,* 88 Ind. 74."

Doubtless, it is true, that appellees had the right, under the statute, to demand and receive from the sheriff of the county a proper conveyance of the real estate, described in their certificate. But it is equally true, that, upon the facts stated in appellees' complaint, such sheriff's deed, however absolute in its terms, " would not operate as against the appellants to convey the legal title to such real estate, except as a security in the nature of a mortgage for the unpaid balance of the redemption money." *McMakin* v. *Schenck,* 98 Ind. 264. *Cox* v. *Ratcliffe,* 105 Ind. 374.

In the case in hand, appellants' counsel virtually concedes that, if the appellees had taken a deed from the sheriff of the real estate described in their certificate, and they had alleged that fact in their complaint, it would have been sufficient to withstand their demurrers, and to have entitled appellees to a decree enforcing their lien upon the real estate for the unpaid balance of the redemption money. We are of opinion, however, that it was not necessary to the sufficiency of appellees' cause of action, that they should have taken a deed of the real estate from the sheriff before or after

they commenced their suit. The facts stated in their complaint were sufficient to show that they had a lien upon the real estate to secure the payment of the balance of the redemption money. A sheriff's deed of the real estate might have afforded additional evidence of the existence of such lien; but the lien existed without any such deed, and was not even strengthened thereby. In *Hughart* v. *Lenburg*, 45 Ind. 498, the court said: " The purchaser is under no obligation to receive less than the whole amount of the purchase-money. But if he receive a part, he thereby changes the character of his title, surrenders his right to enforce a forfeiture under the statute, and by enabling the owner to redeem after the year, converts his purchase into a mere lien to secure the payment of the balance of the purchase-money." The doctrine here declared has been approved and followed in many of our decisions. *Spath* v. *Hankins*, 55 Ind. 155; *Tinkler* v. *Swaynie*, 71 Ind. 562; *Cox* v. *Arnsmann*, 76 Ind. 210; *McOuat* v. *Cathcart*, 84 Ind. 567; *Taggart* v. *McKinsey*, 85 Ind. 392; *Ayers* v. *Slifer*, 89 Ind. 433; *Butt* v. *Butt*, 91 Ind. 305; *Rector* v. *Shirk*, 92 Ind. 31; *Shade* v. *Creviston*, 93 Ind. 591; *Beatty* v. *Brummett*, 94 Ind. 76.

Appellees' complaint stated facts sufficient to constitute a cause of action, and the demurrers thereto were correctly overruled.

In the second paragraph of his separate answer, appellant Peter Ringle alleged that appellees' cause of action did not accrue in the last ten years before the bringing of this action. Wherefore, etc. To this paragraph of answer, the court sustained a demurrer, and this ruling is assigned here as error.

The limitation pleaded is applicable only to actions brought by the execution-debtor for the recovery of real property sold on execution, and to actions upon bills of exchange, promissory notes and other written contracts for the payment of money. The case in hand does not fall within either of these classes of actions. Manifestly, therefore, the court did

not err in sustaining a demurrer to such second paragraph of answer. *Nutter* v. *Hawkins*, 93 Ind. 260.

The only other error, properly assigned by the appellants, is the overruling of their motion for a new trial. But the evidence is not in the record, and in the absence of the evidence this assignment of error presents no question for our decision. It is claimed in argument, by appellants' counsel, that the court erred in allowing the appellees interest. This error, if it exists, is not shown by the record. Besides, in their motion for a new trial, appellants did not assign, as cause therefor, either that the damages assessed were excessive, or that the court had erred in assessing the amount of appellees' recovery. Therefore, even if the evidence were properly in the record, there would be no question properly presented in relation to the amount of appellees' recovery. *Floyd* v. *Maddux*, 68 Ind. 124; *Warner* v. *Curran*, 75 Ind. 309; *Douch* v. *Bliss*, 80 Ind. 316.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

