## William Ross

*v.*

## Richard B. Sutherland.

1. CONTRACT—*party alleging fraud, etc., must prove it.* If a party seeks relief in equity from a contract, on the ground of fraud, oppression or undue advantage, he must establish the grounds by proof.

2. SAME—*party extending right to redeem may justly impose terms.* A party holding a certificate of the purchase of lands sold under a decree, may lawfully contract, giving the former owner further time in which to redeem, and may properly impose his own terms, and there is nothing in the relation of the parties to interfere with their freely contracting with each other.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. BISHOP & McKINLAY, and Mr. JAMES A. EADS, for the plaintiff in error.

Mr. A. J. GALLAGHER, and Mr. JOSEPH E. DYAS, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 1st day of September, 1869, William Ross, the plaintiff in error, being the owner of some 1100 acres of land in Edgar county, of the value of about $36,000, the lands were on that day sold by the master in chancery of the United States Circuit Court, on foreclosure of a mortgage, to one William N. Coler, for $8674.46. Afterward Richard B. Sutherland, the defendant in error, bought from Coler the certificate of purchase, and Coler assigned the same to Sutherland.

After Sutherland became the owner of the certificate of purchase, three several agreements were made between him and Ross, relative to the lands:

1. Before the expiration of the twelve months within which Ross had the right to redeem from the sale, it was agreed between him and Sutherland that Ross might redeem at any

time within the period of.three months after the expiration of the twelve months—this time expiring on December 1, 1870.

2.  On the 20th day of November, 1870, another contract was made by the parties, whereby it was mutually agreed that the time for redemption should be further extended for a period of two months, which time would expire on February 1, 1871, and for said extension of time Ross agreed to pay Sutherland the amount for which the land was sold, ten per cent per annum interest thereon to date of redemption, and the additional sum of two hundred dollars.

3.  Before the expiration of the time specified in the second contract, namely, on the 21st day of January, 1871, another agreement was entered into between the parties, to the following effect:

Ross agreed to, and did, on that day convey to Sutherland 122 acres of the land mentioned in the certificate of purchase. Sutherland agreed to convey to Henry and Lewis C. Ross, sons of said William Ross, 820 acres of the land if he should be paid, on or before the first day of February, 1872, the sum of $12,582.46.

As to the disposition made of the other 140 acres included in the certificate of purchase, the record is silent, but no complaint is made that it was not transferred by Sutherland.

On.the 29th day of September, 1871, Ross borrowed the money, through one C. W. Levings, to pay off what he owed Sutherland, and directed Levings to pay to Sutherland his claim; and Levings, accordingly, on that day paid to Sutherland for Ross $13,538, on Sutherland's statement that that was the amount due, and Sutherland conveyed the lands as requested by Ross, to him and his sons.

On the 24th day of February, 1874, Ross filed his bill in chancery against Sutherland, for relief, on the ground of fraud and oppression on the part of Sutherland, and of an over-payment to him by Levings.

The court below, on hearing, dismissed the bill.  Ross brings this writ of error.

The last contract made between the parties, that of the 21st of January, 1871, is the one upon which their rights must depend. The contract is in writing, and is plain and fair upon its face. There are but three witnesses upon the subject, they being the parties themselves and the attorney who drew up the contract. The testimony of the complainant—so far as it goes to show anything of a fraudulent, oppressive, or unfair character in the contract, or that it was any way variant from what is expressed in the writing—is entirely contradicted by that of the defendant.

The evidence of the attorney, so far as it is corroborative of either party, is on the side of the defendant. It is unnecessary, then, to review the testimony. It fails to show any fraud or oppression, or any sufficient reason why the written contract of January 21st is not fair, legal and binding.

It is urged that there was that in the relation of the parties—that Ross was in the power of Sutherland—which interfered with the making of such a contract; that the price exacted for the extension of the time for making payment for the land was unconscionably large. We see nothing peculiar in the relation between the parties, which should interfere with their freely contracting—why they were not dealing with each other as strangers, at arm's length.

If Ross was in the power of Sutherland, it was only as any man is in the power of another when the former seeks to obtain from the latter some valuable thing of which the latter has the sole power of disposition.

On the 21st January, 1871, Ross had the option to enter into the contract he did, or to wait until February 1, next, and redeem according to the contract he held. If he was unable to redeem at that time, and was obliged to submit to the terms of the contract he entered into or lose the land, that was his misfortune, without the fault of Sutherland. The latter had fairly obtained the certificate of purchase; it was his property, and his the right to prescribe the terms on which he would dispose of it, or any right accruing thereunder. It was not

for Ross to dictate such terms, nor is it for a court to draw them in question.

We find no mistake of over-payment, in the amount paid by Levings to Sutherland for Ross.

The payment made by Levings included two judgments against Ross, which were incumbrances on the land, which Sutherland paid for Ross. One in favor of Mann for $1231, and one in favor of Josselyn Bros. for $90. The amount agreed to be paid Sutherland by the contract of January 21, 1871, was $12,528.46. This amount, with the two judgments, makes the sum of $13,849.46. The total amount paid by Levings was $13,538. Showing a deduction made in favor of Ross of $311.46.

We find no error in the decree, and it is affirmed.

*Decree affirmed.*