No. 9917.

CONGER v. BABCOCK, ADMINISTRATOR.

87 497
158 318
158 320

DECEDENTS' ESTATES.—*Certificate of Purchase of Land.—Petition to Sell and Assign.—Order of Court.—Collateral Attack.*—A sheriff's certificate of the sale of real estate, issued under section 2 of the redemption law of June 4th, 1861 (2 R. S. 1876, p. 220), is assignable by the holder thereof, in the event of non-redemption, as well after as before the expiration of the year allowed by law for redemption; and where the holder of the certificate dies before such redemption and before the execution of the sheriff's deed, and the proper court, upon the petition of his administrator, has ordered him to sell and assign such certificate, and the same has been done accordingly, the proceedings are not void, even if erroneous, and can not be attacked collaterally.

SAME.—*Final Settlement Report.—Objection to Confirmation.—Demurrer.—Assignment of Error.*—The final report of an administrator in settlement of his decedent's estate is not a complaint nor in the nature of a complaint. It is not the subject of demurrer, and an assignment of error that it does not state facts sufficient will present no question for decision. An

objection to the confirmation of such report, upon the ground that the administrator has not collected debts due the estate, which does not show that the debts are collectible or the debtors solvent, is insufficient.

From the Fulton Circuit Court.

*J. S. Slick* and *M. R. Smith,* for appellant.

*M. L. Essick* and *G. W. Holman,* for appellee.

HOWK, J.—On the 15th day of August, 1881, the appellee, as administrator of the estate of Hannah Conger, deceased, filed in the clerk's office of the court below his final report in settlement of his decedent's estate. Afterwards, at the November term, 1881, the appellant, as one of the decedent's heirs, filed two objections in writing to the confirmation of such final report. To each of these written objections the appellee demurred, upon the ground that it did not state facts sufficient to authorize the court to reject his report; which demurrers were sustained by the court, and to these rulings the appellant excepted. Afterwards, at the same term, the court confirmed such final report, and the estate was ordered finally settled; to which action of the court the appellant excepted, and filed his bill of exceptions within the time allowed by the court.

The first error assigned, and discussed by appellant's counsel, is the decision of the court in sustaining the appellee's demurrer to the first written objection to the confirmation of his final report. In this objection the appellant stated in substance that, prior to and at the time of her death, the appellee's decedent was the owner of a sheriff's certificate for certain described lands in Fulton county, Indiana; that, long prior to her death, the decedent was entitled to a deed for said lands from the sheriff of Fulton county, and was, at the time of her death, the owner in fee of such lands; that such certificate fell into the hands of the appellee, the administrator, and he procured from the sheriff a deed to the decedent, and had the same recorded in the recorder's office of the county; that, after procuring such deed and the record thereof, the appellee procured from the sheriff the return of such certificate, which had

been and then was extinguished, by reason of the deed so made thereon, and obtained from the court an order to sell such certificate at public auction, which sale he reported to the court, and the same was confirmed by the court; that the fee to such lands was vested in the decedent, at the time of her death, and the only act to be done, to perfect the title in her, was done by the execution and delivery of the sheriff's deed to the appellee; that the taking of such deed by the appellee from the sheriff extinguished the sheriff's certificate; that the lands were of the value of $1,200; that the certificate was sold and assigned by appellee for $700; that the lands still belonged to the decedent's estate, and the title thereto had been clouded by the wrongful and fraudulent act of the appellee, in pretending to make sale of the certificate, when he knew that, by offering the land itself, he could obtain a better price than for the certificate; that, according to appellee's final report, nothing was left for distribution; whereas, if the appellee had administered and sold the land, according to law, with an unclouded title, enough assets could have been realized from the sale to pay all debts and leave $400 for distribution among the heirs of the decedent.

It will be seen, we think, from the statement of this first objection, that the appellant does not object or except therein to the appellee's final report or to any item thereof. In the form of an objection to the report, the appellant really complains of the appellee's petition for an order to sell the sheriff's certificate, of the action of the court in ordering such sale, and of the sale so made and confirmed by the court. It may have been that these proceedings of the court were erroneous, but they were not appealed from and are not now before us. In the absence of an averment showing the contrary, it may well be assumed, we think, that the appellant, as one of the decedent's heirs, was a party to those proceedings and had his day in court in relation thereto. The proceedings were not void, even if erroneous, and they can not be attacked collaterally in this proceeding. Appellant's counsel cite and rely upon

the provisions of section 473 of the civil code of 1852. In this section it was provided that " In case the purchaser of any real estate upon execution, having paid the purchase-money therefor, shall die before a deed of conveyance shall have been executed to him, the sheriff shall convey such real estate to the heirs or devisees of the deceased person." 2 R. S. 1876, p. 219.

This section was enacted long prior to the redemption law, providing for the issue of a certificate of sale by the sheriff; which certificate would entitle the holder thereof to a sheriff's deed of the property, if the same were not redeemed within the time allowed by law. Such a certificate was and is assignable, and there can be no doubt, we think, that the holder thereof might lawfully assign and transfer the same after the expiration of the time for redemption. If the holder might thus assign and transfer the certificate, in the event of his death, why might not the proper court authorize his administrator to sell and assign such certificate? We do not find it necessary for us to answer this query, in this case; for, whether the appellee's sale and transfer of the certificate was valid or invalid, it is clear, we think, that the appellant can not complain of such sale and transfer in this proceeding. Our conclusion is that the court did not err in sustaining the demurrer to the appellant's first objection to the confirmation of the final report.

The appellant's second objection was, in substance, that one Samuel Conger was indebted to the decedent, at the time of her death, for certain articles of property of the aggregate value of $200, which sum had never been collected from said Samuel Conger by the appellee, and was still due the decedent's estate and unpaid.

We think this second objection to the confirmation of the report was clearly insufficient. It was not stated that Samuel Conger was solvent, or that his debt to the estate might have been collected by the appellee.

The last error assigned is that the appellee's final report "did not state facts sufficient to entitle him to the relief sought and granted by the court." This assignment of error presents no question for the decision of this court. An administrator's report is not a complaint, nor in the nature of a complaint. It is not the subject of demurrer, nor can it be assigned as error in this court, that the report did not state facts sufficient to entitle the administrator to his discharge. Where a party interested in a decedent's estate is not satisfied with the final report of the administrator, he must point out to the court, clearly and specifically, the grounds of his objections. In such a case the rules of pleading in civil actions are not applicable, and the alleged insufficiency of the final report can not be reached or tested by a general demurrer below or by an assignment of error here.

Under this assignment of error, the point made by the appellant's counsel in argument is that the report was insufficient, because it did not state that the appellee had collected all claims due the estate. The report did not show that there were any claims due the estate, and if the appellant knew of any such claims, which were solvent and collectible, he should have stated the facts in relation thereto in his written objections to the report. The appellee stated in his final report "That he had disposed of all of the assets of the estate, and paid all debts;" and the report was approved and confirmed by the court, whose duty it was to supervise and watch over the acts of the appellee, as administrator. In the particular complained of, we are of opinion that the final report was sufficient.

We have found no error in the record of this cause which would authorize the reversal of the judgment below.

The judgment is affirmed, with costs.