Maddux *et al. v.* Watkins *et al.*

———————

No. 10,372.

## Maddux et al. *v.* Watkins et al.

Redemption.— *Sheriff's Sale of Real Estate. — Assignment of Certificate.— Holder's Right to Sheriff's Deed.*—Under the redemption law of June 4th, 1861 (2 R. S. 1876, p. 220), the sheriff's certificate of the sale of real estate was assignable by the holder thereof as well after as before the expiration of the year for redemption; and, in the event of non-redemption within the year, the right of the holder of the certificate to a sheriff's deed of the property became absolute under the statute, and so continued until the execution of such deed.

Same.—*Sheriff's Return of Execution.—Execution Docket.—Record.—Notice.*— Under section 517 of the civil code of 1852 (sec. 677, R. S. 1881), the clerk of the circuit court is required to keep an execution docket and to enter therein at length the sheriff's return of the sale of real estate on execution, and it is declared that such docket entries shall be taken and deemed to be a record. All persons interested in the real estate sold are bound to take notice of such record, and are thereby put upon enquiry as to whether the real estate has been redeemed or not from the sheriff's sale thereof.

From the Henry Circuit Court.

Maddux *et al.* *v.* Watkins *et al.*

*J. H. Mellett* and *E. H. Bundy*, for appellants.

*J. Brown, W. A. Brown* and *J. M. Brown*, for appellees.

HOWK, J.—In this case the appellants, the plaintiffs below, alleged in substance in their complaint, that on the 25th day of September, 1869, Lewis Maddux and others recovered a judgment in the court below against George F. Watkins and Mahlon S. Watkins, in the sum of $133.58, with costs taxed at $8.64; that at and for some time after the rendition of such judgment Mahlon S. Watkins was the owner of certain described real estate in Henry county; that, on the 4th day of October, 1869, Mahlon S. Watkins sold and conveyed said real estate to Augustus W. Watkins; that on the 21st day of March, 1870, an execution was issued on said judgment and placed in the hands of the sheriff of Henry county; that, by virtue of such execution, the sheriff did, on the 26th day of May, levy on such real estate, and, after advertising the time and place of sale, offered and sold the same on the 25th day of June, 1870, to the appellants for the sum of $175.82, and executed and delivered to them a certificate of such sale, and made due return of such execution, which return was duly recorded in the proper execution docket; that, on the 24th day of August, 1872, Augustus W. Watkins sold and conveyed said real estate to John J. Watkins, who, on the 6th day of April, 1878, sold and conveyed the same to Alverenus Watkins, who then held the same and claimed title thereto by virtue of such conveyance; that the appellee Craighead was in possession of such real estate without right; that, on the 16th day of August, 1881, the sheriff of Henry county executed and delivered to the appellants a deed for such real estate, the same not having been redeemed by the appellees, or by any other person, from the aforesaid sheriff's sale thereof to the appellants; and that all the right, title and interest in and to such certificate of sale was, on the — day of ——, 18—, sold and assigned by Thomas Maddux and Horatio Sexton to the appellants. Wherefore, etc.

The second paragraph was a complaint, in the ordinary form, for the recovery of the possession of such real estate, and for other proper relief.

The appellees jointly answered by a general denial of the complaint, and Alverenus Watkins answered specially in a single paragraph, to which the appellants replied by a general denial.    The issues joined were tried by the court, and, at the appellants' request, the court made a special finding of the facts and stated its conclusions of law thereon.    Over the appellants' exceptions to the conclusions of law, the court rendered judgment against them for the appellees' costs.

Errors have been assigned by the appellants, which call in question the decision of the court in overruling their demurrer to the special answer of Alverenus Watkins, and the court's conclusions of law upon its special finding of facts.    These errors have been considered and discussed together, by the appellants' counsel; but, as it seems to us that the question for decision is more fully and fairly presented by the facts specially found and the court's conclusions of law thereon, we will consider and decide the question as thus presented. We regret that the appellees have not favored us with any brief or argument in support of the decision below in their favor, or with any information, even, as to the grounds of such decision.

The court found, in substance, that, on the 25th day of September, 1869, Lewis Maddux, William B. Maddux, Thomas Maddux and Horatio G. Sexton recovered judgment, in the court below, against George F. Watkins and Mahlon S. Watkins, in the sum of $133.58, with costs taxed at $8.58; that the court, at the rendition of such judgment, had full jurisdiction of the parties and the subject of the suit in which the judgment was rendered; that, at the rendition of such judgment, Mahlon S. Watkins was the owner in fee simple of the real estate described in the complaint, and, on the 14th day of October, 1869, he sold and conveyed the same to Augustus W. Watkins; that, on the 21st day of March, 1870, an exe-

cution was issued on such judgment to the sheriff of Henry county, which was levied on such real estate, and, in pursuance thereof, the same was sold by the sheriff to the plaintiffs in the judgment, on the 25th day of June, 1870, for $175.82, after due notice of the time and place of such sale had been given in the manner prescribed by law; that the sheriff then and there executed and delivered to the purchasers a certificate of purchase of such real estate, under the sale thereof; and that, within the time prescribed by law, the sheriff made a proper return on the execution, showing his advertisement and sale of such real estate, and returned the same into the clerk's office, and such return was duly recorded in the proper execution docket of the court below, before the purchase of such real estate by John J. Watkins.

The court further found that, on the 24th day of August, 1872, Augustus W. Watkins sold and conveyed such real estate, for the sum of $800, to John J. Watkins, who, on April 6th, 1878, sold and conveyed the same, for the sum of $500, to Alverenus Watkins; that the defendant Craighead had been in possession of such real estate as tenant of Alverenus Watkins since April 6th, 1878; that the rental value thereof was $5 per month; and that, on the 16th day of August, 1881, the sheriff of Henry county executed to the appellants, as the owners by assignment of such certificate of sale, a deed to such real estate, in pursuance of the sheriff's sale thereof.

The court also found that John J. Watkins made repairs on the property, while he owned it, of the value of $75, and Alverenus Watkins made repairs and improvements thereon, while he owned the same, of the value of $40; and that, at the times they respectively bought such real estate, neither of them had actual notice or knowledge of the existence of the aforesaid judgment, or of the sheriff's sale thereunder, or that the real estate had not been redeemed from such sale thereof, but bought the same in good faith for the consideration aforesaid, and each of them paid such consideration before

he received notice of the judgment, sale, non-redemption and the appellants' deed thereunder.

Upon the foregoing facts the court stated the following conclusions of law:

1. That the appellants' title to such real estate was valid and good as against the defendants in the judgment, and all persons purchasing with notice in fact of the non-redemption of such real estate from the sheriff's sale thereof; but that it is not good as against subsequent purchasers for value, without notice of the non-redemption of the real estate from such sale.

2. That the record of the judgment, execution and sale was constructive notice of their contents, but was not constructive notice of the non-redemption; and,

3. That the law was with the defendants.

It will be observed that the sheriff's sale of the real estate in controversy, under which the appellants claimed title thereto, was made on the 25th day of June, 1870, and that, on the same day, the sheriff's certificate of such sale was executed and delivered to the purchasers thereof. At the time of such sale the act providing for the redemption of real property, or any interest therein, sold on execution or order of sale, and for the issuing of certificates of purchase, and for the execution of conveyances, approved June 4th, 1861, was the law in force in this State upon the matters expressed in the title of such act. In section 2 of this act it was provided as follows:

"Upon payment of the purchase-money, the sheriff or other officer making such sale shall issue to the purchaser a certificate, showing the court in which the judgment or decree was rendered, the parties to the action, the date of the sale, the name of the purchaser, the amount of the purchase-money, and a description of the premises sold, which certificate shall entitle the holder thereof to a deed of conveyance, to be executed by the officer making the sale at the expiration of one year from the date of such sale, if the property shall not have been previously redeemed." 2 R. S. 1876, p. 220.

Maddux *et al.* *v.* Watkins *et al.*

In this case it was not found, nor is it claimed, that the real estate in controversy was ever redeemed from the sheriff's sale thereof. At the expiration of one year from the date of such sale, therefore, the holders of the sheriff's certificate of purchase became entitled, under the law, to a deed of convey-- ance of the real estate described in such certificate, to be exe-- cuted by the proper sheriff. There is no provision in the statute which required the holders of such certificate to de-- mand of the sheriff the execution of the proper deed of con-- veyance, either immediately upon the expiration of the year allowed by law for the redemption of the real estate from the sale thereof, or within any specified time thereafter. The cer-- tificate of purchase was undoubtedly assignable by the holders, thereof, and, we think, as well after as before the expiration of the year for redemption, in the event of non-redemption.. *Conger* v. *Babcock*, 87 Ind. 497. At the expiration of one- year from the date of the sale, the property not having been previously redeemed, the right and title of the holders of the certificate to a deed of conveyance of the property, to be exe-- cuted by the proper sheriff, became absolute under the statute, and so continued until such deed was demanded and executed. In *Jones* v. *Kokomo Building Association*, 77 Ind. 340, it was, said, in substance, that there are no words in the statute re-- straining the sheriff from executing the deed at any time after the year allowed for redemption has expired. To this we may well add, as applicable to the case in hand, that there is no provision in the statute restraining or inhibiting the holders. of the certificate from demanding, accepting, or enforcing, if necessary, the execution by the proper sheriff of the deed of conveyance to which they had become entitled upon the non- redemption of the property, at any time after the year allowed for redemption had expired.

The court found, as facts, that after the sale of the property and the issue of the certificate of purchase, under which the appellants claimed title, and within the time prescribed by law, the sheriff made a proper return on the execution, show--

ing his advertisement and sale of the real estate in contro-
versy, and returned the same into the clerk's office, and that
such return was duly recorded in the proper execution docket
of the court, before the purchase of the property by John J.
Watkins. In section 517 of the civil code of 1852, in force
at the time (sec. 677, R. S. 1881), it was made the duty of the
clerk to keep an execution docket and therein to enter at
length the return of the sheriff on the execution; and it was
declared that "such docket entries shall be taken and deemed
to be a record." 2 R. S. 1876, p. 228. In its conclusions of
law the court correctly stated that the records of the judg-
ment, execution and return of the sale were constructive no-
tice of their contents; but very singularly, as it seems to us,
the court added, and based its finding for the appellees upon
the addition, that these records were not constructive notice of
the non-redemption of the property. Certainly they were not
constructive notice of such non-redemption; but what is worse
for the appellees they afforded neither actual nor constructive
notice of the redemption of the property from the sheriff's
sale thereof. The appellees were bound to take notice of the
contents of these records, because they affected their chain of
title to the property, and, therefore, they were bound to know
of the sheriff's sale of the property. When they learned from
the records of the sheriff's sale of the property, and that there
was no evidence of record of any redemption of the property
from such sale, and knew, as they were bound to know, that
the law had prescribed no time within which the holders of
the certificate of sale were required, in the event of non-re-
demption, to demand and accept the execution of the sheriff's
deed of conveyance, they were at once put upon enquiry in
regard to the fact of redemption of those entitled to redeem
and of the purchasers and holders of the certificate of pur-
chase. They had no right to assume, as the court apparently
decided that they might assume, the actual redemption of the
property from the sheriff's sale thereof, upon the ground,
stated by the court, that the records of the judgment, execu-

tion and return of sale were not constructive notice of. the non-redemption of the property from such sale.

Our conclusion is that, upon the facts specially found by the trial court in the case at bar, the law of the case is with the appellants, and that the court erred in its conclusions of law.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court to set aside its conclusions of law, and, in lieu thereof, to state as its conclusion of law that the law of the case is with the appellants, the plaintiffs below, and render judgment accordingly.