Turpie v. Lowe.

## TURPIE ET AL. v. LOWE.

[No. 19,583. Filed January 14, 1902. Rehearing denied April 8, 1902.]

LIMITATION OF ACTIONS.—*Mortgages.*—*Redemption of Real Estate.*—A proceeding in equity for the redemption of lands held by the defendant under a sheriff's deed, absolute on its face, but alleged to be in fact a mortgage or security only for the repayment of a debt, is not barred by the six nor ten years' statutes of limitations, but is governed by the limitation of fifteen years. *pp. 317, 318.*

TRIAL.—*Pleading.*—*Limitation of Actions.*—*Harmless Error.*—A cause will not be reversed because of error of the court in overruling a demurrer to an answer pleading the statute of limitations, where the plaintiffs failed to stand upon the decision, and filed replies to the answers setting up the bar of the statute, and went to trial, and failed to sustain the material allegations of the complaint. *p. 318.*

MORTGAGES.—*Execution Sales.*—*Redemption.*—*Extension of Time.*—The statutory period within which lands sold on execution may be redeemed may be extended by contract without otherwise affecting or impairing the rights of the holder of the certificate of purchase. *pp. 318, 319.*

SAME.—*Execution Sales.*—*Redemption.*—*Extension of Time.*—Where a mere agreement is made to extend the time of redemption of real estate sold on execution beyond the statutory period of one year, the extension does not convert the claim of the purchaser into a security which must be enforced in a new action, but the relation of the purchaser to the land remains that of a successful bidder at the sheriff's sale, with all of the rights secured by such bidder by the statute governing such sales. *pp. 318-322.*

SAME.—*Execution Sales.*—*Redemption.*—*Extension of Time.*—*Contracts.*—*Statute of Frauds.*—An agreement for an extension of the time of

redemption of real estate sold on execution, although not in writing, nor supported by any consideration other than the promise of the redemptioner to pay the amount to become due, with interest, when acted upon by the parties, is not within the statute of frauds. *pp. 322, 323.*

MORTGAGES.—*Redemption.—Contracts.—Action to Redeem.*—In an action by execution defendants for the redemption of lands sold on execution, plaintiffs alleged that the purchaser agreed to extend the time of redemption upon the payment to him of the amount of the bid with interest; that defendant advanced plaintiffs the money to redeem the real estate, and plaintiffs procured the transfer of the certificate of purchase to defendant to be held by him as security, and that immediately thereafter defendant procured a deed to the lands, and claimed to be the owner thereof. There was no evidence that defendant was to hold the certificate as a mere security for a loan and as evidence of a lien upon the land; no note or other evidence of indebtedness was shown to have been executed by plaintiffs to defendant; defendant caused the deed to be recorded, and, without objection by plaintiffs, took possession of the lands and exercised exclusive ownership over the same for fourteen years. *Held,* that plaintiffs were not entitled, under the evidence, to the relief demanded. *pp. 323, 324.*

EVIDENCE. —*Death of Party to Contract. — Testimony by Survivor.*—No error was committed in permitting defendant to testify in an action for the redemption of real estate from execution sale concerning an agreement between him and the execution defendants, one of the execution defendants having died, where the testimony of the deceased, given upon a former occasion, was introduced in evidence. *pp. 324, 325.*

From Cass Circuit Court; *C. W. Watkins,* Special Judge.

Proceeding by William Turpie and others against Hugh Lowe to redeem from an execution sale of real estate. From a judgment in favor of defendant, plaintiffs appeal. *Affirmed.*

*E. B. Sellers, M. Winfield* and *D. C. Justice,* for appellants.

*Guthrie & Bushnell,* for appellee.

DOWLING, J.—The fifth paragraph of the complaint, docketed as a separate action, states in substance that William Turpie and James H. Turpie, were the owners of a tract of land situated in White county, Indiana, containing 440 acres, upon which one Braxton held a mortgage; that a

judgment of foreclosure had been rendered in a suit upon
the mortgage; that the mortgaged lands had been duly sold
by the sheriff of White county to Braxton under the decree,
and that a certificate of purchase had been executed to Brax-
ton by the sheriff; that the time for the redemption of said
lands from the sale expired December 15, 1885; that before
the date last named Braxton agreed to extend the time
allowed by law for the redemption of said lands, in consider-
ation of the payment of the amount of the bid with eight per
cent. interest thereon, and to assign the certificate of pur-
chase to the said Turpie and Turpie, or to such other person
as they might designate; that on December 15, 1885, the
said Turpie and Turpie informed the appellee, Lowe, of their
agreement with Braxton, and in consideration of the pay-
ment of $2,700, the amount then due upon the certificate of
purchase, and for delinquent taxes, and the further sum of
$100, Lowe agreed to advance and pay for the said Turpies
the amount due to Braxton, and the said taxes, the Tur-
pies promised that they would cause Braxton to assign
the said certificate of purchase to Lowe, who was to hold
the same as security only, for the repayment of the said
sum of $2,800, with interest thereon at the rate of eight per
centum; that Lowe advanced the $2,700 to Braxton, and
that, at the request of the Turpies, Braxton assigned the
certificate of purchase to Lowe, who thereafter held the
same as security for the repayment of $2,700 advanced by
him, and the $100 bonus agreed to be paid him; that imme-
diately after obtaining the said certificate, Lowe, without
the consent of the Turpies, surrendered the same to the
sheriff of White county, and procured a deed for said lands,
which he caused to be placed on record; that thereafter
Lowe denied that the Turpies had any rights to, or interest
in, said lands; that he thereupon took, and ever since has
held, possession of said lands, adversely to the Turpies,
claiming to be the owner thereof; that he has held such
possession for fourteen years, receiving the rents and profits

of said lands which were worth $1,000; that he has refused to account to the Turpies for such rents and profits, and that they exceed any sum advanced by him; and that the Turpies stand ready to pay any sum found due from them to Lowe. The complaint concludes with a prayer that the Turpies be allowed to redeem the land, and that they recover judgment for the excess of the rents and profits received by Lowe over the amount due to him.

Pending the action, one of the plaintiffs, James H. Turpie, died, and his heirs at law were substituted as parties plaintiff.

The defendant answered in denial, and also set up the defense of the statute of limitations of six and ten years. Demurrers to the special answers were overruled, and the plaintiffs filed their reply, the first paragraph of which was a general denial. The defendant below filed a cross-complaint, alleging his ownership of the land, and that the plaintiffs wrongfully asserted an interest in or title to the same. He asked that his title be quieted. Answer in denial of cross-complaint. A special finding of facts was made, with conclusions of law thereon, and, over a motion for a new trial, judgment was rendered for the defendant and cross-complainant, Lowe. The plaintiffs below appeal, and assign for error the overruling of the demurrers to the answers setting up the statute of limitations and the overruling of the motion for a new trial.

The decision of the court upon the demurrers to the answers alleging that the cause of action did not accrue within six years or ten years before the commencement of the suit was plainly erroneous. The action was one of equity jurisdiction, and its object was the redemption of the lands held by the defendant under a sheriff's deed absolute upon its face, but alleged to be in fact a mortgage or security only for the repayment of a debt. None of the specifications of §293 Burns 1901 applies. Nor was this an action for the recovery of real property sold on execution, brought by the

execution debtor, to which specification *third* of §294 Burns 1901 relates. The case belonged to that class of actions not barred by any other statute, and was governed by the limitation of fifteen years. §295 Burns 1901; *Barr* v. *Vanalstine,* 120 Ind. 590; *Ringle* v. *First Nat. Bank,* 107 Ind. 425, 429; *Nutter* v. *Hawkins,* 93 Ind. 260, 264.

But, while the ruling on these demurrers was erroneous, it does not follow that the judgment must be reversed. The plaintiffs below did not stand upon this decision, but filed replies to the answers setting up the bar of the statute and went to trial. The special finding and the proof show that they failed to sustain the material allegations of their complaint, and that the judgment was properly rendered in favor of the defendant. It was averred in the complaint that Lowe took an assignment of the certificate with the agreement that he would hold the same as security only for the amount paid by him to Braxton, and for the delinquent taxes, together with the bonus of $100, with eight per cent. upon the whole amount, and that he would not procure a deed upon the certificate. The court found that the agreement between the Turpies and Lowe was that the former should redeem the lands within one year from December 7, 1885; that the Turpies never did redeem; and that no claim of such right was made by them for more than five years from the time of the assignment of the certificate of purchase. The assignment of certificates of purchase of real estate at sheriff's sales is expressly authorized by statute. §778 Burns 1901; *Splahn* v. *Gillespie,* 48 Ind. 397; *Maddux* v. *Watkins,* 88 Ind. 74; *Conger* v. *Babcock,* 87 Ind. 497.

It is well settled that the statutory period within which lands sold on execution may be redeemed may be extended by contract without otherwise affecting or impairing the rights of the holder of the certificate of purchase. The leading case upon this subject is *Southard* v. *Pope,* 9 B. Mon. 261, in which it is said: "The extension of the time of re-

demption is merely a waiver of the forfeiture of the right until that period arrives, and cannot, without an evident perversion of the true design of the parties, have the effect of converting the purchase into a mere lien to secure the repayment of the purchase money. As an agreement by the purchaser to prolong the time, might operate to prevent a redemption within the legal period, a refusal by the purchaser to accept the money and permit the redemption to be made within the time agreed, would be a fraud upon the defendant in the execution, and authorize an application by him to a court of equity for relief. But where the purchaser acts in good faith in extending the time, and the defendant in the execution fails to redeem within that time, his equity of redemption is lost. The extension of the time does not justify the inference that the purchaser intends to surrender the benefit of his purchase. Such an inference would be forced and unwarranted. Such is not the understanding or design of the parties, or the legal effect of the act. The purchaser derives no advantage from the indulgence; it is intended exclusively for the benefit of the other party. It is not inconsistent with the right claimed, to hold the land under the purchase in the event of a failure to redeem before the expiration of the time. The omission to redeem, according to the agreement, renders the purchase absolute and irredeemable. This is evidently the expectation and understanding of both parties in such a case, and the indulgence being obviously for the benefit of the debtor should not be prohibited, which in effect it would be, by giving it the legal operation contended for. Although, therefore, an extension of the time was given, yet as Southard did not pay the purchase money and interest within the time, it gave him no right to redeem after the time had expired." See, also, *Ferguson* v. *Smith,* 7 Bush 76; *Ross* v. *Sutherland,* 81 Ill. 275.

The general rule is thus stated in Rorer on Judicial Sales (2nd ed.), §1159: "But a mere agreement to extend the

time of redemption from execution sale is only a waiver for the time being of the forfeiture of the right to redeem during the time so specified, and will not have the effect of converting the purchase into a lien for repayment of the purchase money."

While no decision upon the precise question presented here has been made by this court, it has repeatedly been held that delay of the purchaser in procuring a deed does not ·affect his rights under his certificate. *Jones* v. *Kokomo Building Assn.*, 77 Ind. 340; *Maddux* v. *Watkins*, 88 Ind. 74, 79. So, too, it has been declared that a valid assignment of the certificate may be made by the purchaser as well after as before the expiration of the year allowed for redemption. *Conger* v. *Babcock*, 87 Ind. 497; *Maddux* v. *Watkins*, 88 Ind. 74, 79. And the holder of the certificate may permit the execution defendant to redeem the land after the statutory period for·redemption has expired. *Taggart* v. *McKinsey*, 85 Ind. 392. The cases in this State seem to be entirely in·harmony with the rule laid down in *Southard* v. *Pope*, 9 B. Mon. 261.

If the purchaser receives any part of the redemption money, under an agreement to extend the time of redemption, thereby permitting a partial redemption, he waives his right to· a deed, and the certificate becomes merely the evidence of a lien upon the land as security for the payment of the residue of the redemption money. *Hughart* v. *Lenburg*, 45 Ind. 498; *Spath* v. *Hankins*, 55 Ind. 155; *Felton* v. *Smith*, 84 Ind. 485; *Southard* v. *Pope*, 9 B. Mon. 261; *Ott* v. *Rape*, 24 Wis. 336, 1 Am. Rep. 186.

But where there is merely an agreement to· extend the time of redemption beyond the year, and nothing is paid on account of such redemption, the extension does not convert the claim of the purchaser into a security which must be enforced by a new action. The relation of the purchaser to the land remains that of a successful bidder at the judicial sale, with all of the rights secured to such bidder by the

statute governing such sales. We can discover no sufficient reason why an agreement for an extension of the time of redemption should not be sustained. It is not forbidden by any principle of law, and it is highly beneficial to the defendant whose lands have been sold on execution. If it should be held that the legal effect of an agreement for an extension of the time of redemption is to set aside the sale, vacate the judgment, and leave the purchaser a naked right to enforce a lien for the repayment of the amount of the bid and interest thereon, few purchasers at judicial sales would be willing to place themselves at such disadvantage. These views are reinforced by numerous decisions of this court and the courts of other states, in which it is held that an agreement for an extension of the time of redemption will be enforced against the purchaser. *Butt* v. *Butt,* 91 Ind. 305; *McMakin* v. *Schenck,* 98 Ind. 264; *Stephens* v. *Illinois, etc., Ins. Co.,* 43 Ill. 327; *Pensoneau* v. *Pulliam,* 47 Ill. 58; *Davis* v. *Dresback,* 81 Ill. 393.

If such agreements are valid as against the purchaser, they must also be sustained as against the defendant in execution. The contract binds the purchaser to a waiver of his right to demand a deed during the time of the extension of the right to redeem. It requires the owner of the land to redeem within that time. If the purchaser is precluded from obtaining a deed during the period of extension, the defendant can assert no right to redeem after the expiration of the time agreed upon. The rights of the parties, respectively, arise out of the contract. The agreement is not to be treated as a legal trap for the purchaser, which holds him fast, while it not only releases the landowner from the particular obligation to redeem within a fixed time assumed by him, but actually excuses him from redeeming the land at all, and compels the purchaser to begin a new suit for the enforcement of his claim.

As the right to redeem land from a sale upon execution is

derived from the statute, where the statutory right of redemption is to be exercised, the statute must be strictly pursued. *Eiceman* v. *Finch,* 79 Ind. 511; *Oldfield* v. *Eulert,* 148 Ill. 614, 36 N. E. 615, 39 Am. St. 231. So, where the period for redemption is either created or extended by contract, the owner of the land or other redemptioner must comply with the terms of the contract, or lose his right to redeem.

If the time for redemption is not fixed and certain, the right must be asserted within a reasonable time, or it will be considered waived. The declaration of the rule in such cases by Lord Chancellor Camden in *Smith* v. *Clay,* Ambler 645, 3 Brown's Ch. (Perk. ed.), 640, note, has been generally accepted as a correct statement of the effect of laches: "A court of equity, * * * has always refused its aid to stale demands, where the party slept upon his right, and acquiesced for a great length of time. Nothing can call forth this court into activity, but conscience, good faith, and reasonable diligence; where these are wanting, the court is passive, and does nothing. Laches and neglect are always discountenanced, and therefore, from the beginning of this jurisdiction, there was always a limitation to suits in this court." See, also, *Williams* v. *Rhodes,* 81 Ill. 571; *Fletcher* v. *McGill,* 110 Ind. 395, 406.

An agreement for an extension of the time of redemption, although not in writing, nor supported by any consideration excepting the promise of the redemptioner to pay the amount to become due, with interest, when acted upon by the parties, is not within the statute of frauds. It is said in *Butt* v. *Butt,* 91 Ind. 305, 307, that: "A statute which is intended to prevent fraud should not be permitted to be used for its promotion. *Arnold* v. *Cord,* 16 Ind. 177; *Teague* v. *Fowler,* 56 Ind. 569; *Butcher* v. *Stultz,* 60 Ind. 170. Contracts within the statute of frauds are not void, but merely voidable. When fully consummated, they become valid. They become binding when so far executed

that the parties cannot be placed in *statu quo*.   The law, we think, is of universal application that the statute of frauds cannot be invoked for the protection of any right, or undue advantage acquired by a contract not enforceable under its provisions."

Again, in *Schroeder* v. *Young,* 161 U. S. 334, 344, 16 Sup. Ct. 512, 40 L. Ed. 721, the Supreme Court of the United States say, by Brown, J.: "Defendant relies mainly upon the fact that the statutory period of redemption was allowed to expire before this bill was filed, but the court below found in this connection that before the time had expired to redeem the property, the plaintiff was told by the defendant Stephens that he would not be pushed, that the statutory time to redeem would not be insisted upon, and that the plaintiff believed and relied upon such assurance. Under such circumstances the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing and were made without consideration, upon the ground that the debtor was lulled into a false security. *Guinn* v. *Locke,* 1 Head 110; *Combs* v. *Little,* 4 N. J. Eq. 310, 40 Am. Dec. 207; *Griffin* v. *Coffey,* 9 B. Mon. 452; *Martin* v. *Martin,* 16 B. Mon. 8; *Butt* v. *Butt,* 91 Ind. 305; *Turner* v. *King,* 2 Ired. Eq. 132, 38 Am. Dec. 679; *Lucas* v. *Nichols,* 66 Ill. 41; *McMackin* v. *Schenck,* 98 Ind. 264. In *Southard* v. *Pope,* 9 B. Mon. 261, 264, it is said that 'a refusal by the purchaser to accept the money and permit the redemption to be made within the time agreed would be a fraud upon the defendant in execution, and authorize an application by him to a court of equity for relief.' "   To the same effect are:   *Rector* v. *Shirk,* 92 Ind. 31; *Cox* v. *Ratcliffe,* 105 Ind. 374.

In the case before us the evidence of the Turpies as to the terms of the agreement between them and Lowe is indefinite and unsatisfactory.   James H. Turpie stated that he and his brother talked about Lowe "buying in this cer-

tificate," and that Lowe told him that he "would take it up"; and William Turpie testified that Lowe "was to hold it [the certificate] for us one year." Neither of the Turpies asserted that Lowe was not to have a deed in case they failed to pay the amount coming to him within the time agreed upon for redemption, nor that Lowe was to hold the certificate as a mere security for a loan, and as evidence of a lien upon the land. No note or other evidence of indebtedness was executed by the Turpies to Lowe. By their own admission, the Turpies failed to redeem the land from Lowe within the time they alleged he allowed them by his agreement. No attempt to assert and enforce such supposed right was made until after the lapse of fourteen years from the date of the transaction. Lowe held the certificate until January 18, 1886, when he produced it to the sheriff, and demanded and received a deed. He caused the deed to be recorded in the proper office, and, without objection on the part of the Turpies, he took possession of the lands and exercised exclusive ownership over them for fourteen years. Under the evidence in the case the court could reach no other conclusion than that there was a failure of proof on behalf of the plaintiffs below, that Lowe was the owner in fee simple of the lands, and that his title should be quieted against the claim of the Turpies. This being so, the plaintiffs were not entitled to an accounting; nor were they harmed by the proof and finding of the value of the rents and profits, and of the permanent improvements made by Lowe, even if such evidence was inadmissible, and the finding thereon erroneous.

It is objected by the appellants that the court erred in permitting Lowe to testify concerning the agreement between him and the Turpies, one of the Turpies being dead. The testimony of the deceased Turpie, given upon a former occasion, was introduced by the appellants, and the use of this testimony made Lowe a competent witness in regard to the matters stated by the decedent in his testimony, as fully

as if he had been alive.  Moreover, Lowe was a competent witness against the surviving Turpie, and, if the testimony had been objectionable as to the heirs of the deceased, they should have objected to it on that ground, and asked that it be not considered upon their branch of the case.  But, if the testimony of Lowe is left out of the case, the result must be the same.  The appellants failed in their proof.

We find no error in the record.  The judgment is affirmed.

Baker, J., concurs in result only.