# WILLIAMS v. HOFFMAN.

[No. 5,087. Filed December 12, 1905. Rehearing denied May 29, 1906. Transfer denied December 21, 1906.]

1. CONTRACTS.—*Mortgages.—Redemption.—Extension of Time for.*—A verbal agreement to loan plaintiff money to pay the redemption price of plaintiff's land sold on foreclosure, to take the purchaser's certificate of sale, by assignment, as security for the money so loaned, and to extend the period of redemption one year, is valid and enforceable. p. 321.

2. SAME.—*Mortgages.—Certificates of Sale.—Redemption.—Extension of Time for.—Deeds.*—The taking of a sheriff's deed on a certificate of sale under a mortgage foreclosure, in violation of the holder's verbal agreement with the owner to hold such certificate for one year from the date of such agreement, does not cut off the owner's right to redeem within such year. p. 321.

3.  WORDS AND PHRASES. — *"Redeem." — Mortgages.* — The word
"redeem" imports that the owner of the equity in real estate
sold under execution or decree may have the title, which has
been divested by sale, vested again in him by the payment of
the proper amount of money to the purchaser.    p. 321.

4.  CONTRACTS.—*Redemption.—Extension of Time for.*—An agree-
ment by the holder of a certificate of sale on a decree of fore-
closure to extend the period for redemption beyond the stat-
utory period is valid, but such redemption must be made within
the agreed time or the right will be lost.    p. 322.

5.  SAME. — *Redemption. — Extension of Time for. — Receipt of
Part.*—Where the holder of a certificate of sale under decree of
foreclosure agrees with the owner to extend the period of re-
demption beyond the statutory period, and receives a part pay-
ment of the redemption price, such certificate thereafter be-
comes merely a lien upon the land as security for the balance
due.    p. 322.

6.  PLEADING. — *Complaint. — Redemption. — Extension of Time
for.—Breach.—Excuse.*—A complaint to redeem lands under an
agreement by the certificate holder to extend the period beyond
the statutory period must show a redemption or an offer within
such extended period, or a sufficient excuse therefor, and the
holder's taking a deed in violation of such agreement to extend
is not a sufficient excuse.    p. 322.

7.  SAME.—*Complaint.—Redemption.—Extension of Time for.—
Breach.—Excuse.*—A complaint by the owner to redeem lands
under an oral contract with the defendant certificate holder to
extend the period of redemption beyond the statutory period,
showing that by reason of such holder's taking out a deed in
violation of such agreement, plaintiff was prevented from
selling the land, and that except for such holder's taking out
such deed plaintiff could and would have sold the land and re-
deemed same, is insufficient.    p. 322.

8.  JUDICIAL SALES. — *Redemption. — Statutes. — Contracts.* —
Whether the right of redemption from a judicial sale exists by
virtue of a statute or by a contract, the provisions giving such
right must be strictly complied with, or the right will be lost.
p. 323.

9.  APPEAL.—*Weighing Evidence.*—The Appellate Court will not
weigh conflicting evidence.    p. 323.

From Pike Circuit Court; *E. A. Ely,* Judge.

Suit by Fayette Williams against Stella Hoffman.
From a decree for defendant, plaintiff appeals.    *Affirmed.*

*Gardiner & Slimp* and *Padgett & Padgett,* for appellant.
*O'Neall & O'Neall, C. K. Tharp, William Heffernan*
and *Ezra Mattingly,* for appellee.

WILEY, J.—Appellant was plaintiff below, and brought
this suit against appellee, by which he sought to redeem
certain real estate sold upon a decree of foreclosure, under
a verbal contract with appellee's ancestor. His complaint
was in three paragraphs, to each of which a demurrer for
want of facts was addressed. Such demurrer was sustained
as to the first paragraph and overruled as to the second and
third. Appellee filed an answer in several paragraphs, to
which a demurrer was sustained as to some of them and
overruled as to others. To the affirmative paragraphs of
answer, which the trial court held good as against the de-
murrer, appellant replied by way of general denial. Trial
by the court resulted in a general finding and decree for
appellee. Appellant's motion for a new trial was over-
ruled. Sustaining the demurrer to the first paragraph of
complaint and overruling the motion for a new trial are
assigned as errors.

The material averments of the first paragraph of the
complaint may be epitomized as follows: That on May 14,
1884, appellant was the owner of certain real estate, which
is specifically described, and on that day it was of the value
of $10,000; that on said date the Aetna Life Insurance
Company, to whom appellant had theretofore mortgaged
the real estate to secure a loan of $3,000, foreclosed the
mortgage and obtained a decree of sale to satisfy the judg-
ment rendered thereon in the sum of $3,459.12; that the
real estate was duly sold upon the decree by the sheriff on
June 14, 1884, and was purchased by the judgment plain-
tiff for the sum of $3,574.07, and thereupon the sheriff
issued to the purchaser a certificate of sale; that on May
23, 1885, the holder of the certificate assigned it to Francis
M. Harned; that on June —, 1885, before the expiration
of the year for redemption from said sale, appellant and

Clement Lee entered into an agreement whereby it was agreed that Lee would loan appellant the money required to redeem the real estate from the sheriff's sale, and take a mortgage from appellant on the real estate to secure repayment of the amount so loaned, with interest thereon at the rate of eight per cent per annum; that Lee went to the court-house to effect said redemption with the money so loaned, and, upon investigation of the records, found that there were other judgments against plaintiff which would be liens ahead of the mortgage to be executed by appellant to him; that thereupon the agreement was modified, and it was then agreed between appellant and Lee that instead of taking a mortgage Lee should purchase from the holder the sheriff's certificate with the money so loaned by him, and hold said certificate in lieu of said mortgage to secure the payment of said loan and interest; that in pursuance of said agreement Lee purchased the certificate from the holder, with the money so loaned to appellant, and took an assignment thereof; that under the agreement Lee was to hold the same for one year as a security for said loan; that on July 13, 1885, Lee, without the knowledge or consent of appellant, procured from the sheriff of said county a deed for the real estate, based upon said sale and certificate; that on October —, 1885, Lee, without right and in violation of his agreement, wrongfully demanded of the tenant occupying said real estate the possession thereof, and procured from the tenant such possession; that ever after October, 1885, until his death, July 24, 1900, Lee held possession of said land wrongfully, and without right kept plaintiff out of possession; that Lee also received the rents and profits from the real estate during that period, which were of the value of $1,000 per annum; that after his death the lands of Lee, including the land in controversy, were partitioned among his heirs, and the lands in controversy were set off to appellee; that Lee left an estate of the value

of $200,000; that said estate was solvent, and the administration thereof was still pending; that after said partition appellee held possession of the real estate, and received the rents and profits thereof.

It is further alleged that, in pursuance of the modified agreement, the certificate of sale aforesaid was purchased from Harned, for the sole use and benefit of appellant, at and for the sum of $4,660, with the money loaned by Lee to appellant; that, but for said modified agreement and the loan by Lee to appellant and the assignment of the certificate to Lee for the purpose aforesaid, appellant could and would have procured the money to enable him to redeem said real estate, and he would have redeemed the same before the end of the redemption period of one year, but he relied solely and confidently upon the good faith of Lee that he would carry out said agreement on his part, as he, said Lee, well knew; that thereafter appellant fully paid and satisfied all of the judgments which were liens against said real estate, except the judgment in favor of said insurance company.

It is then averred that if said Lee had held said certificate as he had agreed to do for a period of one year from June 13, 1885, and had not taken a sheriff's deed thereon, appellant could and would have sold said described real estate for the sum of $10,000, out of which he could and would have paid Lee the full amount of said loan and interest; that, if Lee would have executed to him, or to a purchaser from him, a deed of conveyance for said described real estate, he could and would have sold the same for a sum largely in excess of said loan and interest, to wit, for the sum of $10,000, and out of the same could and would have paid off said loan, all of which said Lee refused to do, and at no time thereafter would said Lee receive from appellant, or any other person for him, the amount of said loan with interest, nor upon such payment

execute to plaintiff, or to any purchaser of said real estate, a deed of conveyance therefor, although often requested and demanded so to do; that after said Lee secured the sheriff's deed and took possession of the real estate, appellant several times thereafter, within and at the end of one year, demanded of him that he surrender the possession of the real estate, and execute to him, or to a purchaser from him, a deed of conveyance thereof, and the payment to him of said loan and interest, each and all of which he refused to do; that appellant could and would have sold the real estate within the year for $10,000, out of which he could and would have paid said loan, but said Lee wrongfully refused to execute a deed of conveyance to said real estate to him, or any purchaser thereof from him, and, being unable otherwise to raise the amount of said loan at any time after said Lee had taken said sheriff's deed, and within or at the end of the year, appellant was thus prevented from making a tender of the amount of said loan and interest; that on May 16, 1901, before the commencement of this action, appellant demanded of the appellee possession of said real estate, and an accounting for the rents, profits, and uses thereof, and to know the amount of said loan and interest advanced and offered that if upon such accounting any balance should be found due from appellant he would pay the same, which things appellee refused to do.

The second paragraph of the complaint sets out substantially the same facts, except that it is averred that, by the terms of the agreement, Lee was to furnish the money, purchase the certificate of sale and extend the time to redeem for one year from June 14, 1885. The third paragraph is in all essential respects like the second, except it is averred that under the contract between appellant and Lee the time for redemption was extended to a period of five years from June 14, 1885.

The first paragraph of complaint, when stripped of unnecessary verbiage and mere conclusions, recites these ma-

terial facts: Appellant's land had been sold under a decree of foreclosure June 14, 1884. The equity of redemption would expire June 13, 1885. On or about that day appellant entered into an agreement with Lee, by which the latter agreed to loan him a sufficient amount of money with which to redeem from that sale. Lee agreed to and did advance for appellant the necessary sum, and took an assignment of the certificate of purchase from the holder thereof as security for the loan, and agreed to extend the redemption period for one year. In violation of such agreement he surrendered the certificate, obtained from the sheriff a deed, and took possession of the real estate. It is settled by the authorities that a contract of this character is valid and may be enforced. *Arnold* v. *Cord* (1861), 16 Ind. 177; *Beatty* v. *Brummett* (1884), 94 Ind. 76; *McMakin* v. *Schenck* (1884), 98 Ind. 264; *Cox* v. *Ratcliffe* (1886), 105 Ind. 374; *Greenwood Bldg., etc., Assn.* v. *Stanton* (1902), 28 Ind. App. 548; *Turpie* v. *Lowe* (1888), 114 Ind. 37; *Heath* v. *Williams* (1869), 30 Ind. 495; *Turpie* v. *Lowe* (1902), 158 Ind. 314, 92 Am. St. 310.

It will be observed that it is averred that by the terms of the agreement between appellant and Lee the former was to have one year in which to redeem. The fact that Lee took a deed before the expiration of the year could not cut off appellant's right to redeem within the extended period.

The word "redeem" as here used has a well-defined, legal meaning, and that is that the owner of the equity of the real estate, which has been sold under execution or decree, may have the title vested in him which was divested by the sale by tendering or paying to the holder of the certificate, within the redemption period, the amount of principal and interest evidenced thereby.

The rule is that the holder of a sheriff's certificate of sale may extend the time for redemption beyond the stat-

utory period, but, if the time is extended beyond such period, it is imperative that the redemption must be made within such time, or the right to redeem will be lost. *Turpie* v. *Lowe* (1902), 158 Ind. 314, 92 Am. St. 310.

If the purchaser or holder of the certificate of sale receives any part of the redemption money, which would be a partial redemption, he waives his right to a deed, and the certificate becomes merely the evidence of the lien upon the land as security for the payment of the residue of the redemption money. *Turpie* v. *Lowe* (1902), 158 Ind. 314, 92 Am. St. 310, and authorities there collected.

It must be observed from the very full abstract of facts pleaded, as shown in a former part of this opinion, that appellant in his first paragraph of complaint fails to allege that he redeemed or offered to redeem within the extended period of redemption. Such an allegation was necessary to make the complaint good, unless some legal excuse is shown, by other facts stated, which would excuse appellant from tendering the amount necessary to entitle him to redemption. Appellant has attempted to plead an excuse for not redeeming within the year, and that is that, without his knowledge or consent, Lee, in violation of his agreement, failed to hold the certificate for a year, but, on the contrary, took a sheriff's deed for the land.

It is further alleged that, by reason of the violation of the contract by Lee, appellant was prevented from selling the land, and thus enabling himself to redeem. It is further charged that if Lee had not violated his contract by taking a deed appellant could and would have sold the land for $10,000 and redeemed. This allegation is a mere conclusion. No issuable fact is alleged by this allegation. He does not allege that he found a pur-

chaser for the land who was able and willing to purchase it, nor is it even averred that he disclosed to Lee the fact that he could and would have sold the land for $10,000. It was no part of the contract, so far as this paragraph of complaint shows, that Lee was to take an assignment of the certificate of sale and hold it for one year, thus extending the right to redeem within one year, and that during the extended period appellant could or would sell the real estate for enough or more than was due Lee upon the certificate. We think it clear that because of the fact of Lee's taking a deed in violation of his contract, such act on his part could in no way prevent appellant from complying with his part of the contract by tendering or paying to Lee within the redemption period the amount of money required to redeem.

In the case of *Turpie* v. *Lowe* (1902), 158 Ind. 314, 92 Am. St. 310, the court said at page 321: "As the right to redeem land from a sale upon execution is derived from the statute, where the statutory right of redemption is to be exercised, the statute must be strictly pursued. *Eiceman* v. *Finch* [1881], 79 Ind. 511; *Oldfield* v. *Eulert* [1893], 148 Ill. 614, 36 N. E. 615, 39 Am. St. 231. So, where the period for redemption is either created or extended by contract, the owner of the land or other redemptioner must comply with the terms of the contract, or lose his right to redeem." Our conclusion is that, under the rule declared in the case from which we have just quoted, the first paragraph of the complaint is fatally defective, and hence there was no error in sustaining a demurrer to it.

This leaves for our consideration the action of the court in overruling the motion for a new trial, and the only question discussed by counsel is the sufficiency of the evidence to sustain the finding of the trial court. We cannot disturb the judgment on that ground without constituting ourselves triers of the facts, and this we cannot do. We cannot say that there is no evidence in

324    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. v. Henderson—39 Ind. App. 324.

the record to sustain the finding. On the contrary, there is some evidence from which the trial court might have found that no such contract as relied upon by appellant was entered into between Lee and himself. This being true, we are not authorized to disturb the finding.

Decree affirmed.